## SOLOMON v. OKLAHOMA PRODUCING & REFINING CORPORATION OF AMERICA.

No. 12755—Opinion Filed May 13, 1924.

### Appeal and Error—Equitable Action—Practice—Effect of Findings of Fact.

In an equitable action, where findings of fact are made and filed in writing by the trial court, and on a proceeding for review in this court the evidence introduced upon the trial is not preserved in the case-made, such findings of fact by the trial court are conclusive. In such a case this court will consider the conclusions of law reached by the trial court based on such findings of fact, and will reject any such conclusions not authorized or supported by such findings of facts. If any conclusion of law reached by the trial court is correct under the findings of fact and sustains the decree of the court, even though the reason given for such conclusion is erroneous, such correct conclusion will be adopted and the decree based thereon, when it conforms to the findings of fact, will be affirmed.

(Syllabus by Logsdon, C.)
Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by Johnnie Solomon against Oklahoma Producing & Refining Corporation for an accounting. Decree for defendant, and plaintiff brings error. Affirmed.

This action was originally commenced by the plaintiff in error against Walter L. Ransom, Carter Oil Company, Oklahoma Producing & Refining Corporation, Cosden Pipe

Line Company, and Choctaw Oil Producing Company as defendants, but in some manner not shown by the record all of the original defendants were eliminated except the defendant in error. The original petition alleged that during the minority of plaintiff a certain oil lease was executed by his guardian, Walter L. Ransom, and alleged that plaintiff became of age on or before September 1, 1917; that since that time he has been entitled to receive the royalty due and payable by virtue of the lease contract made by his guardian with Walter L. Ransom, and that since the majority of plaintiff oil has been produced from his lands, the exact amount of which and the royalty due thereon are unknown to the plaintiff, and asking for judgment for an accounting.

Defendant in error, Oklahoma Producing & Refining Corporation of America, filed its separate answer, wherein it admitted that since September 1, 1917, it has purchased the oil from a portion of the land owned by plaintiff, and that it assumed the payment of the royalty on the oil produced from that portion of plaintiff's land; that it has paid said royalty to T. J. Elliott and Lon Holcomb, the duly and legally appointed and acting guardians of the plaintiff as an incompetent; that said royalty payments to said guardians had been paid in full and that the same had been accounted for to the plaintiff by said guardians; that said plaintiff had received the full benefits of such royalty payments and that he was estopped by reason thereof from maintaining this action against this defendant.

A reply was filed to this separate answer which consisted of a general denial of all matters alleged therein, and specifically admitted the appointment of such guardians, but alleged that the appointment was void and was subsequently vacated by the county court of Muskogee county.

Upon the issues thus raised by the pleadings, a trial was had October 25, 1920, all of the evidence in the case being taken and the trial court took the case under advisement, and thereafter, on April 30, 1921, rendered a decree in favor of the defendant. Prior to entering said decree, but on the same day, the court filed written findings of fact and conclusions of law in response to a request therefor. From the decree so rendered plaintiff in error has brought the case here for review by petition in error with case-made attached. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Neff & Neff, for plaintiffs in error.

Geo. S. Ramsey, Alvin Richards, Edgar A. de Meules, Malcolm E. Rosser, and Villard Martin, for defendant in error.

Opinion by LOGSDON, C. The only assignment of error presented in the brief of plaintiff reads as follows:

"Under the facts found the plaintiff was entitled to judgment in the trial court for the sum of $5,180.63, and judgment should be rendered in his favor in this court for $5,180.63 with interest from the 30th day of April, 1921."

It is contended by plaintiff that the conclusions of law of the trial court are contrary to the facts found and not supported thereby. No evidence is preserved in the record, so that the only things to be considered in this court are the pleadings of the parties, the findings of fact and conclusions of law by the court, and the decree entered pursuant thereto. The findings of fact read as follows:

"1. That Johnnie Solomon, the plaintiff, was a Creek freedman and received as his allotment the southeast quarter of section 21, township 14 north, range 16 east in Muskogee county, Okla., and that Johnnie Solomon was a minor until August, 1917, when he became of age.

"2. That on March 17, 1914, Kittie Manuel, who was the guardian of Johnnie Solomon, the plaintiff in this action, who was then a minor, made and executed an oil and gas mining lease on the above described allotment of Johnnie Solomon in favor of Walter L. Ransom for a term during the minority of said plaintiff and as much longer as oil and gas should be produced, and that said lease provided for a royalty payable to the owner of said land in an amount equal to one-eighth of the oil produced from said land.

"3. That from September 1, 1917, to May 1, 1919, the defendant, Oklahoma Producing & Refining Corporation of America, purchased the oil run from the east half of said land and assumed the obligation of paying to the owner of the land the one-eighth royalty due under said lease, and that the value of the total oil run by the defendant from said land, with the dates on which payments become due, is as follows: (Then follows a list of the oil runs beginning September 16, 1917, and ending with the last of April, 1919, showing a total value of $52,-362.47), and that the total amount which the defendant should have paid to the owner of said land or to his authorized agents during said period was the sum of $6,545.31.

"4. That on September 1, 1917 the county court of Muskogee county, Okla., made an order purporting to adjudge Johnnie Solomon incompetent and purporting to appoint Lon Holcomb and T. J. Elliott as guardians of his property; that said order was absolutely void for want of jurisdiction and was

set aside by order of the county court of Muskogee county made on March 29, 1919, and that at the time the order was made Johnnie Solomon was not present in court and no testimony was taken; that from September 1, 1917, until May 1, 1919, said Holcomb and Elliott assumed to act as guardians of Johnnie Solomon by virtue of said purported order of appointment; that during said period the defendant paid to said Holcomb and Elliott the royalty accrued from said land which was owned by the plaintiff and which is set forth in detail in findings of fact No. 3, and which amounted to a total of $6,545.31; that during the same period the Carter Oil Company paid to said purported guardians on account of royalty due for the oil run from the west half of said allotment to Johnnie Solomon the sum of $3,416.12; that there was also paid over to said purported guardians at the time they commenced to act as guardians the sum of $6,417.18 by C. B. Murphy, who was guardian during plaintiff's minority, and in addition said purported guardians collected for grazing lease on said land the sum of $160, and some sums for gas royalty.

"5. That said purported guardians made payments to Johnnie Solomon, the plaintiff in this action, as follows: (Then follows a list of payments made by the guardians to their ward beginning October 27, 1917, and ending March 1, 1919, amounting to the sum of $797.) That on December 28, 1917, said purported guardians paid to the Exchange National Bank of Muskogee, Okla., for Liberty bonds bought at their par value the sum of $3,000; that said purported guardians paid to themselves the following sums: (these sums amount to a total of $2,734.43); that said purported guardians paid to their attorneys the following items: (These items amount to $2,019.45.) That during the period said guardians made miscellaneous small expenditures in sums of less than $10 each for administration expenses, such as supplies, appraisings and notary fees, which amounted to $84.61; and that other payments were made for administration expenses, for payments to Kittie Manuel, who was the mother of Johnnie Solomon, to Eula Solomon and for other purposes which are shown in detail in the following statement: (these items total $461.52); that the items set out in the next paragraph were expenses paid in the ordinary course of the guardianship for the maintenance and support of Johnnie Solomon and were paid by the guardians for that purpose. The items of Kittie Manuel and Eula Solomon were paid with the consent of the plaintiff. (Then follows a list of the expenses paid in the ordinary course of guardianship amounting to the sum of $7,293.88.)

"6. That the defendant did not pay the oil royalty above mentioned to said purported guardians in reliance on anything which the plaintiff did or omitted to do, and that the plaintiff did nothing to make valid the payments by the defendant to said purported guardians other than his acts in accepting from said purported guardians the monies above set forth which were paid to him.

"7. That no facts exist in this case which would estop the plaintiff to recover from the defendant.

"8. That the plaintiff did not know at the time of his receiving said money that the guardianship was void.

"9. That the purported guardians in the conducting of said guardianship relied solely upon the authority derived from said void court order, and did not in any way rely upon the acquiescence or consent of the plaintiff."

The court made further findings of fact at the request of defendant as follows:

"That plaintiff, Johnnie Solomon, knew that the oil produced from his land was being run, and that payment was being made therefor during the entire time from October, 1917, to March, 1919, to Lon Holcomb and T. J. Elliott as guardians for the royalty interest accruing under said lease, and that plaintiff did not protest or object to the payment being made to said Holcomb or Elliott, nor did he ever demand that payment be made to him."

The court's conclusions of law read as follows:

"From the foregoing findings of fact the court concludes as a matter of law that the plaintiff is not entitled to recover, and that the defendant should have judgment for the reason that in the opinion of the court said purported guardians are, from the foregoing facts, to be deemed the agents of the plaintiff and the money paid to them by the defendant must be deemed to have been received by them as agents of the plaintiff."

Plaintiff opens his argument in his original brief with the following statement:

"These findings of fact were not challenged by the defendant in error in the trial court by filing a motion for a new trial. They were challenged by the plaintiff in error by filing a motion for a new trial, but as the evidence is not before the court, any question of the sufficiency of the evidence to sustain the findings of fact as against the objections of the plaintiff in error cannot be considered by this court, and the plaintiff in error is not entitled to contend that the facts found were not correctly found, so no argument can be made in support of the assignment that the court erred in overruling the motion of the plaintiff in error for a new trial."

This statement of the rule of practice in this state is accepted as correct, and is so shown by the authorities cited in support thereof. Miller v. Barnett, 49 Okla. 508, 153

Pac. 641; City of Muskogee v. Irvin, 45 Okla. 118, 145 Pac. 415; Tribal Development Co. v. White Bros., 28 Okla. 525, 114 Pac. 736; Stanard v. Sampson, 23 Okla. 13. 99 Pac. 796; Board of Commissioners of Wyandotte County v. Arnold (Kan.) 30 Pac. 486.

This leaves for consideration by this court only the findings of fact of the trial court, the conclusions of law based thereon and the final decree. If the findings of fact do not support the conclusions of law reached by the trial court, such conclusions of law must fall, for the reason that in equity cases the findings of fact have the same force and effect as the findings of a jury, and where no evidence is brought into the record for review in this court such findings of fact by the trial court are conclusive. McCann v. McCann, 24 Okla. 264, 103 Pac. 694; Hausam v. Parker, 31 Okla. 399, 121 Pac. 1063; Cowles v. Lee, 35 Okla. 159, 128 Pac. 688; Aiken v. Bonfils, 47 Okla. 492, 150 Pac. 194; Nowka v. West, 77 Okla. 24, 186 Pac. 220; Kindt v. Parmenter, 83 Okla. 116, 200 Pac. 706.

An examination of the findings of fact made by the trial court will disclose that finding of fact numbered 7 is not a finding of fact at all, but a conclusion of law. This finding should, therefore, be eliminated as a finding of fact in the case, and as a conclusion of law it is not supported by the facts found. Heckman v. Davis et al., 56 Okla. 483, 155 Pac. 1170; Magnolia Petroleum Co. v. Saylor, 72 Okla. 282, 180 Pac. 861.

The other conclusion of law reached by the court, "that the plaintiff is not entitled to recover," is a correct conclusion to be drawn from the facts found, although the reason upon which such conclusion is based is not deemed to be correct. This brings the decree within the rule announced in Board of Equalization of Oklahoma County v. First State Bank, 77 Okla. 291, 188 Pac. 115:

"The Supreme Court is not bound by the trial court's opinion as to the effect of the facts found or its reasoning in reaching its conclusions of law, but will affirm irrespective of erroneous reasoning where the correct result is reached."

Defendant in its answer pleaded the facts constituting an estoppel with great particularity, and the findings of fact made by the trial court amply sustained this special plea. It appears from such findings that the plaintiff was of full age September 1, 1917, and therefore was of full age when defendant began paying royalties to the purported guardians in October, 1917. The court found that these payments to the guardians were made with the full knowledge, acquiescence, and consent of the plaintiff, and that he at no time demanded that the payments be made directly to him. The court found that with knowledge of these facts the plaintiff demanded of and received from his purported guardians from time to time such funds as he required, and that said purported guardians invested other funds for his benefit in Liberty bonds and in a house and lot and in the furnishings therefor, these transactions extending over a period of 18 months. These facts preclude the plaintiff from now insisting that the payment of said royalties by the defendant to his purported guardians was wrongfully made, and amount to a ratification of their acts as such. It is insisted in argument by the plaintiff that the appointment of said purported guardians being void, and having been later vacated for want of jurisdiction to make the appointment, the defendant is chargeable with notice of the invalidity of such appointment and with the lack of authority of the purported guardians to receive the payments of royalty so as to protect the defendant. It is a poor rule, and certainly not of equitable origin, which will not work both ways. The plaintiff, being sui juris, was as much charged with knowledge of the invalidity of the appointment as was the defendant. He possessed knowledge of facts concerning said appointment which were unknown to defendant, and which invalidated it, and is as much estopped to deny the de facto authority of such guardians as is the defendant to assert their lawful authority. He has received, directly or indirectly, the benefits of more than $11,500 passing through the hands of his purported guardians, excluding sums paid to them and their attorneys, and he knew that a large portion of these funds were paid to his purported guardians by the defendant because of their apparent authority. It would be difficult to show a ratification more clearly. Under such circumstances his present claim does not commend itself to a court of equity. Ewing v. Board of Commissioners, 53 Okla. 250, 156 Pac. 229; Heckman v. Davis, supra; Magnolia Petroleum Co. v. Saylor, supra.

Upon the entire record as here presented it must be concluded that the conclusion of law reached by the trial court, "that the plaintiff is not entitled to recover," is a correct conclusion upon the facts found, and that the decree of the trial court based upon the findings of fact and this conclusion of law is a correct decree. The judgment and decree of the trial court should, therefore, in all things be affirmed.

By the Court: It is so ordered.