**WOOD et al. v. HINES, Director Gen. of R. R., et al.**

No. 15313—Opinion Filed July 14, 1925.

Rehearing Denied and Original Opinion Adhered to March 23, 1926.

1. **Dismissal — Voluntary Dismissal — Effect—Relief to One Interested — Procedure.**

Under the provisions of Comp. Stat. 1921, sec. 665, a plaintiff has an absolute right, on payment of costs, to dismiss the action before filing of plea of intervention or answer asking for affirmative relief. Such voluntary dismissal operates to terminate the jurisdiction of the court over the subject-matter of the action, and one not a party to the action, but interested in obtaining relief ancillary to such action, and after dismissal, must invoke the jurisdiction of the court by motion to set aside the dismissal on some equitable ground and obtain an order reinstating the cause before the court can acquire jurisdiction of such ancillary proceeding.

2. **Same — Attorney and Client—Lien—Enforcement by Motion.**

After a client has settled an action and filed a dismissal without protecting his attorney in his fee or in the lien securing same, such attorney may have such dismissal set aside and the cause reinstated, upon proper motion and showing, for the purpose of enforcing his ancillary remedy under Comp. Stat. 1921, sec. 4102, but such reinstatement is a jurisdictional prerequisite to the power of the court to determine and allow the attorney's fee on motion in the original action.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by A. P. Wood and others doing business under the firm name and style of Wood, Bancroft & Doty, and another, against Walker D. Hines, Director General of Railroads, and others. Motion by Joseph D. Mitchell for allowance of an attorney's fee and for judgment enforcing his lien. Motion stricken and Joseph D. Mitchell brings error. Affirmed.

On August 7, 1919, Joseph D. Mitchell as

attorney for Wood, Bancroft & Doty, commenced an action in the district court of Osage county, against the above-named defendants, but before answers were filed plaintiffs settled with the defendants in that action without the knowledge or consent of Joseph D. Mitchell, and on November 10, 1919, paid all costs and dismissed the action. Thereafter, Joseph D. Mitchell filed his motion in the original action which was dismissed asking for the allowance of a reasonable attorney's fee and for enforcement of his lien. The other facts necessary to be considered in the determination of this case are stated in the opinion. After unsuccessful motion for new trial, Joseph D. Mitchell has brought the case here by petition in error with case-made attached for review. Joseph D. Mitchell will be hereafter referred to as plaintiff and the defendants in the original action as defendants.

Joseph D. Mitchell and John R. Mahan, for plaintiffs in error.

Homer N. Boardman, for defendants in error.

Opinion by LOGSDON, C. This proceeding involved a determination of the proper procedure to be followed in seeking judgment for attorney's fees by motion after dismissal of the original action under the provisions of Sess. Laws 1919, ch. 22. sec. 1, amending Rev. Laws 1910, sec. 249. Plaintiff assigns four specifications of error, but the only question necessary to be determined in the disposition of this case is that above stated.

On August 7, 1919, Wood, Bancroft & Doty commenced their action in the district court of Osage county against the instant defendants for the value of certain labor and material furnished. The instant plaintiff was attorney for plaintiffs in the original action and made a proper indorsement of "Lien Claimed" on the petition as authorized by Comp. St. 1921, sec. 4100. Thereafter the plaintiffs in that action made a settlement with the defendants without the knowledge or consent of their attorney, the instant plaintiff, and on November 10, 1919, before answers were filed, paid all costs and caused said action to be dismissed with prejudice. On March 6, 1920, said attorney filed his motion in the original action for judgment against the defendants for a reasonable sum as attorney's fees. This motion did not ask that the dismissal be set aside and that the cause be reinstated. On March 23, 1920, defendants filed a motion to strike plaintiff's motion from the files of the case on the ground that the act of 1919, above referred to, is unconstitutional and void. Various orders were thereafter made and entered, which are not necessary to be

considered here, and on November 8, 1923, an order was entered sustaining the motion of defendants to strike plaintiff's motion, the trial court holding that Sess. Laws 1919, ch. 22, is unconstitutional and void. It is from this order that this proceeding in error is prosecuted.

This court has announced the rule that if a trial court has reached a correct conclusion in a case, but that the reasons assigned for such conclusion are erroneous, this court will affirm such judgment irrespective of · the erroneous reasoning on which the correct result is based. Board of Equalization of Oklahoma County v. First State Bank, 77 Okla. 291, 188 Pac. 115; Solomon v. Oklahoma Prod. & Ref. Corp., 99 Okla. 134, 226 Pac. 60.

Plaintiffs in the original action had an absolute right, before answer was filed, to dismiss their action on payment of costs. Comp. Stat. 1921, sec. 665. After such dismissal, there was nothing pending before the court. The court's jurisdiction over that action was terminated. There was no subject-matter on which the court's jurisdiction could further operate. Turner v. Fleming, 37 Okla. 75, 130 Pac. 551; Stuart v. Hicks, 52 Okla. 665, 153 Pac. 143. In Turner v. Fleming, supra, it is said:

"A dismissal of a suit made after, and based upon, an agreement between the parties by which a compromise settlement and adjustment of the subject-matter in dispute is made, is a dismissal on the merits, and is equivalent to a judgment of retraxit at common law; and as such would be a bar to further litigation on the same subject between the parties."

In order for the court to thereafter acquire jurisdiction of the ancillary proceeding involved in plaintiff's motion, it was necessary for the dismissal to be set aside and the original action to be reinstated as a pending action. The motion to set aside the dismissal and to reinstate the cause could have been incorporated in the motion for allowance of attorney's fees. Comp. Stat. 1921, sec. 854. This was not done, and nothing was presented to the court which revived its jurisdiction over the dismissed cause of action. Boland v. Reily, Carlton & Hendon, 115 Okla. 107, 241 Pac. 742.

Defendants have urged in their brief the unconstitutionality of Sess. Laws 1919, ch. 22, as alleged by them in their motion to strike and as held by the trial court. However, the determination of that question is not necessary to a correct conclusion in this case, and the language of the 6th paragraph of the syllabus in the case of Kelly v. Roetzel, 64 Okla. 36, 165 Pac. 1150, is followed as being apposite here:

"The Supreme Court will not pass upon the constitutionality of an act of the Legislature until there is presented a proper case in which it is made to appear that the person complaining has, by reason thereof, been or is about to be, deprived of some rights or privilege to which he was lawfully entitled, or who is about to be subjected to some of its burdens and penalties."

It is, therefore, concluded that the motion of plaintiff for the allowance of an attorney's fee, filed after the dismisal of the original action, and without motion to set aside the dismissal and to reinstate the cause, presented nothing to the trial court which it had jurisdiction to determine, and the order of that court striking said motion from the files was correct and should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 18 C. J. p. 1148, § 5; p. 1171, § 63. (2) 6 C. J. p. 799, § 414.