### EL RENO WHOLESALE GROCERY CO. v. DISTRICT COURT OF THE SEVENTEENTH JUDICIAL DISTRICT et al.

No. 24100. Opinion Filed Dec. 20, 1932.

Fogg, Melone & Fogg, for plaintiff.

W. P. Keen and Meacham, Meacham & Meacham, for defendants.

ANDREWS, J. This is an original action filed in this court by El Reno Wholesale Grocery Company wherein the plaintiff asks that a writ of prohibition issue directed to the district court of the Seventeenth judicial district in and for Custer county, Okla., and to the Honorable Asa Walden, a special judge in and for such district, commanding that court and him to refrain from further proceedings in cause No. 2364 in the district court of Custer county, wherein the petitioner was the plaintiff and J. E. Keen, doing business as Keen's Store, was the defendant.

The relief asked for in the petition is based upon the following facts: In 1922 the plaintiff herein commenced an action in the district court of Custer county against J. E. Keen, doing business as Keen's Store, as defendant. The issues were joined in the cause and judgment was rendered in favor of the defendant. That judgment was reversed by this court on appeal. El Reno Wholesale Grocery Co. v. Keen, 93 Okla. 198, 220 P. 653. Therein this court held that the affirmative defense alleged by the defendant had not been proven by the defendant, and the cause was remanded to the trial court for a new trial. The mandate of this court was spread upon the record of the trial court on January 2, 1924. On that date the trial court gave the defendant permission to file an amended answer. The defendant filed an amended answer pleading a set-off on December 10, 1925. On December 19, 1925, the plaintiff filed its demurrer to that amended answer. On May 20, 1931, that demurrer was sustained and the defendant requested time in which to amend his answer. Ten days' time was given him in which to plead. No amended answer was filed and no other pleading was filed within the time so allowed. On March 15, 1932, the plaintiff filed a dismissal of the cause in conformity with the provisions of section 422, O. S. 1931 (section 665, C. O. S. 1921). On August 5, 1932, the defendant procured leave and consent of the trial court to file a second amended answer within ten days. A second amended answer was filed on August 12, 1932.

To prevent the district court and Asa Walden, as special judge, from exercising further jurisdiction in the case, the plaintiff commenced this action praying for a writ of prohibition.

The plaintiff contends that in asking for and receiving time in which to further plead, the defendant waived any error which might have occurred in the sustaining of the demurrer to its answer; that, there being no pleading of the defendant asking affirmative relief against the plaintiff on file in the case, under the provisions of section 422, supra, it had a lawful right, upon the payment of all costs and without an order of the court, to file its dismissal, and that when the statute was complied with and the dismissal filed, the cause was ended and the district court was without jurisdiction thereafter to allow other pleadings to be filed in the cause by the defendant, and that the court's actions thereafter were in excess of its jurisdiction and constituted a usurpation of power on its part.

That contention must be sustained. The statute, supra, authorizes a plaintiff, on the payment of costs and without an order of court, to dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. The plaintiff paid all of the costs in the case and entered its dismissal in writing at a time when no petition of intervention or answer praying for affirmative relief against it was on file. A demurrer had been sustained to the amended answer pleading a set-off and the time granted to the defendant by the court in which to again amend his answer had expired. Upon the filing of the dismissal and the payment of the costs, the action was dismissed and the trial court no longer had jurisdiction thereof. In Naylor v. Eastman Nat. Bank, 107 Okla. 208, 232 P. 73, this court held:

"By virtue of section 665, Comp. Stat. 1921, the plainti. without leave of court but upon payment of costs, * * * may dismiss his civil action at any time before judgment has been rendered therein, provided his adversary has filed no pleading therein seeking affirmative relief. This the plaintiff may do by filing in such case his written and signed statement that he does so dismiss and thereupon such dismissal is immediately effective without any order of dismissal being made by the court."

In Battle v. Epperson, 135 Okla. 27, 274 P. 17, this court held:

"Where a demurrer to a petition is sustained, and the plaintiff is granted time in which to amend, the error, if any, in sustaining said demurrer is waived, and cannot be assigned as error; and the judgment of the court dismissing the plaintiff's cause of action, where he fails to file an amended pleading under the state of the case above given, is proper, and an appeal therefrom will be dismissed."

See, also, Wood v. Hines, 117 Okla. 86, 245 P. 846, the decisions of the Supreme Court of Idaho, in Ramsey v. District Court of Sixth Judicial District, 193 P. 733; Boyd v. Steele, 59 P. 21, and Elliott v. Collins, 55 P. 301, and the decision of the Supreme Court of California in Mott v. Mott, 22 P. 1140, and Belleau v. Thompson, 33 Cal. 495.

The defendants contend that the plaintiff is not entitled to the relief asked for in this court for the reason that it has an adequate remedy by the usual process of law and that the acts complained of were within the sound discretion of the trial court.

The trial court did not act within its sound discretion in allowing the defendant to file its second amended answer. There was no action pending at the time that permission was granted, and since there was no action pending, the trial court was without jurisdiction to make the order.

In American Inv. Co. v. Wadlington, 122 Okla. 56, 250 P. 802, this court held:

"Where a litigant has a complete and adequate remedy by appeal, writ of prohibition will not be substituted therefor, but where a court is acting without jurisdiction, or is attempting to make an unauthorized application of judicial force, such litigant is not compelled to submit himself to the jurisdiction of such court and be compelled to expend effort, time, and consequent cost of litigation by appeal, but upon proper application the writ of prohibition will arrest the action of such court."

See, also, Tucker v. District Court, 108 Okla. 198, 235 P. 610; Martin v. O'Reilly, 81 Okla. 261, 200 P. 687, and Yarhola v. Duling, 86 Okla. 171, 207 P. 293.

The defendants further contend that the plaintiff agreed that the court might take jurisdiction of the cause after the dismissal was filed. The record does not so show. In no event could such an agreement confer jurisdiction upon the court. Not until the dismissal was set aside could the court further proceed in the case. No such action was taken.

For the reasons stated, the defendants are prohibited from proceeding in the district court of Custer county in cause No. 2364.

Let the writ issue.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) 22 R. C. L. 9, 10; R. C. L. Perm. Supp. pp. 5168, 5169; R. C. L. Pocket Part, title "Prohibition," § 8.