## MASHUNKASHEY v. BREWER.

No. 24632. April 21, 1936.

Rehearing Denied June 16, 1936.

254

Phil W. Davis, Jr., for plaintiff in error.

S. J. Montgomery and T. H. Haugh, for defendant in error.

RILEY, J. This is an appeal from a judgment in the sum of $50,000, consisting of $40,000 actual and $10,000 punitive damages, in favor of Lucille Brewer, a minor half-blood Cherokee Indian, and against Charles Mashunkashey, as Osage allottee, No. 464, an incompetent of approximately 40 years of age.

The damages awarded are predicated upon one cause of action embracing statutory rape and the communication by defendant to plaintiff of a venereal disease, syphilis. A child was born to plaintiff on November 7, 1931.

It is contended that the trial court erred in overruling a demurrer to the second amended petition. The pleadings are liberally construed. So construing the petition, we find the aforesaid actionable wrongs sufficiently alleged. Watson v. Taylor, 35 Okla. 768, 131 P. 922; Panther v. McKnight, 125 Okla. 134, 256 P. 916.

Error is urged to exist because of an alleged pendency of a cause of action between the same parties in Osage county, wherein the same wrongs were sought to be litigated and compensated, and because of failure of the trial court to abate the cause at bar under the rule stated in Myers v. Garland, 122 Okla. 157, 252 P. 1090.

The plaintiff sought to dismiss the action in Osage county. Her attorney noted a dismissal on the docket of the court. The defendant asserts that the dismissal was not effective because costs were not paid as contemplated by section 665, C. O. S. 1921. It appears that costs in the action in Osage county were avoided by an affidavit in forma pauperis. C. O. S. 1921, sec. 764 (as amended by S. L. 1923-24, c. 117), and section 765. There is no merit in this contention. There was at least abandonment of the action previously filed.

Complaint is made that the trial court abused its discretion in allowing, over objections, answers to be made by the plaintiff, Lucille Brewer, to leading and suggestive questions, but under the facts and circumstances we find no abuse of the discretion recognized as abiding in the trial court. 1 Greenleaf on evidence, sec. 435.

Objection is made to the testimony of Dr. R. B. Witcher, who answered a hypothetical question, and as an expert gave it as his view that plaintiff acquired syphilis from defendant. There was no invasion of the province of the jury by the admission of this testimony.

The defendant was entitled to extend the cross-examination of Jennie Maner, mother of plaintiff, to the extent of ascertaining her antecedents, conduct, and environment as affecting her credibility as a witness. In the cross-examination of this witness as to the actual or reputed father of the plaintiff it was sought to go far afield. The cross-examination was properly curtailed by the trial court. Asher v. Territory, 7 Okla. 188. 54 P. 445; 28 R. C. L. 610.

Error is predicated upon action of the trial court in making inquiry of Ed Bighorse as to whether he had syphilis, and, after being answered in the negative and in view of the testimony of Bighorse that he had carnally known the plaintiff prior to the alleged acts of defendant, remarking, "Then if she got syphilis she didn't get it from you."

This assignment need not be determined in view of our judgment of subsequent matters. Error is predicated upon the remarks of counsel for plaintiff directed toward defendant and uttered in argument to the jury. The remarks to which objection is made were that defendant was a low-browed savage; that he had gone into the country, raped and ravished this little girl under 16 years of age. The counsel, being admonished by the court, repeated: "I said he was a low-browed savage and I still mean it. I thank God he isn't a white man." These remarks constituted error.

It was admitted in oral argument that the making of these remarks was wrongful in the tendency to appeal to racial prejudice. It was urged that the admonition of the trial court corrected the abuse, but we cannot agree.

The plaintiff testified, as disclosed on page 147 of the case-made, that she was 16 years of age when she first met defendant.

It is true that her mother testified that plaintiff was born in September, 1915, and consequently would have been under 16 years of age at the time of the alleged rape and injury, but there was other documentary evidence offered by defendant, properly admissible, which tended to show, in previous actions filed on behalf of plaintiff, that she was over 16 years of age on the date under consideration.

Therefore, we conclude that plaintiff may have been over the age of 16 years at the time of her alleged injury. If she was, it was error for the trial court to instruct the jury (instruction No. 1):

"You are further told that it is the uncontradicted evidence in this case that in the months of January and February, 1931, the plaintiff was a female person under the age of 16 years, and not the wife of the defendant, Charles Mashunkashey."

It was error for the trial court to refuse to give an instruction in accord with the suggestion contained in a requested instruction. That is to say, the age of the plaintiff under the evidence adduced in her behalf and as indicated from the documents signed by her, tended to show that she was 17 years of age on the date in question. There is no evidence that she was over 18 years of age at the date in issue, but there is substantial evidence that she was at least 16 years of age.

The plaintiff had testified that she was possessed of a previous chaste and virtuous character. The testimony of Bighorse disputed this, and plaintiff in rebuttal denied the testimony of Bighorse. The issue should have been submitted to the jury as to whether plaintiff was possessed of a previous chaste and virtuous character as suggested by requested instruction No. 5.

If the issue was determined favorably to plaintiff, she was entitled to recover on the ground of statutory rape, otherwise not.

It may be argued that at any rate plaintiff was entitled to recover for the wrong of the defendant in communicating to plaintiff the loathsome disease. But it is impossible to say that the jury found as a fact this wrong. The fact of acquisition of this disease from the defendant depended solely upon the answer to the hypothetical question propounded to Dr. Witcher. This answer depended upon circumstances, and this court is unable to know whether the jury based its verdict upon the one cause of action for rape or the other cause of action for the communication of the disease, so improvidently joined without objection. There was no proof that the defendant was diseased. Dr. Witcher testified on cross-examination, in effect, that the disease such as suffered by plaintiff might have been contracted by contact with the germ and other than as a result of the alleged relation with defendant.

The judgment is reversed and the cause remanded, with direction to grant a new trial.

OSBORN, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.