### SHERRY v. ROWE, District Judge.

No. 28197.    Oct. 26, 1937.

Joe Chambers and Jack Paden, for plaintiff.

Donald L. Brown, for defendant.

GIBSON, J.   This is an original action for prohibition wherein Roy Sherry seeks the writ to prohibit the respondent as judge of the district court of Tulsa county from enforcing certain orders allegedly without the court's jurisdiction and entered by respondent in a certain divorce action there on file, entitled Frances Sherry v. Roy Sherry, No. D-17228.

On commencement of said divorce action the plaintiff therein, Frances Sherry, filed an affidavit forma pauperis in lieu of cash or bond to cover costs, as provided by section 511, O. S. 1931.   After answer filed wherein defendant in said cause denied the right of either party to a divorce, a reconciliation was effected between the parties and they resumed the marital relationship. Thereupon the plaintiff in said action filed with the court clerk a written dismissal wherein the cause was dismissed with prejudice, assigning as reasons therefor the aforesaid reconciliation.

Thereafter the respondent entered an order directing the court clerk not to file said dismissal until all court costs were paid, and further ordering the parties to the aforesaid action to pay to the attorney for the plaintiff therein the sum of $100 attorney fees.

Subsequently, and upon application of

said attorney, the respondent entered an order directing the said Roy Sherry, the plaintiff in the present action, to appear on a day certain and show cause why he should not be punished for contempt in his failure to comply with the above-mentioned order, and at the same time the city of Tulsa was restrained from paying to said Sherry any sums due him as an employee of said city.

The main question is, Was the written dismissal, without payment of costs, effective to terminate the divorce action? If so, the court was without jurisdiction to enter the orders complained of. A party has an absolute right to dismiss an action under the provisions of section 422, O. S. 1931, upon payment of costs, at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. Such voluntary dismissal, as said in Woods v. Hines, 117 Okla. 86, 245 P. 846, "operates to terminate the jurisdiction of the court over the subject matter of the action." The court in that case, speaking of the right to dismiss and the effect thereof under section 665, C. O. S. 1921, now section 422, O. S. 1931, held:

"Under the provisions of Comp. Stat. 1921, sec. 665, a plaintiff has an absolute right, on payment of costs, to dismiss the action before filing of plea of intervention or answer asking for affirmative relief. Such voluntary dismissal operates to terminate the jurisdiction of the court over the subject-matter of the action, and one not a party to the action, but interested in obtaining relief ancillary to such action, and after dismissal, must invoke the jurisdiction of the court by motion to set aside the dismissal on some equitable ground, and obtain an order reinstating the cause before the court can acquire jurisdiction of such ancillary proceeding."

We do not intend to say here that an attorney in a divorce case may reopen the case after such dismissal and obtain an order requiring the defendant husband to pay the attorney fees of the wife. See Rogers v. Daniel, 92 Okla. 47, 217 P. 881.

The case of Mashunkashey v. Brewer, 177 Okla. 253, 58 P. (2d) 564, is authority for the proposition that a voluntary dismissal terminates the action without payment of costs where plaintiff has sued in forma pauperis. There the court held:

"Where an action is previously commenced between the same parties for the same wrongs in another jurisdiction and costs are avoided by an affidavit forma pauperis and plaintiff notes on the docket a dismissal, it is not error to refuse to abate a subsequent suit between the same parties on the ground of pendency of the prior suit."

And the language of the court in arriving at that conclusion was as follows:

"The plaintiff sought to dismiss the action in Osage county. Her attorney noted a dismissal on the docket of the court. The defendant asserts that the dismissal was not effective because costs were not paid as contemplated by section 665, C. O. S. 1921. It appears that costs in the action in Osage county were avoided by an affidavit in forma pauperis. C. O. S. 1921, sec. 764 (as amended by Laws 1923-24, c. 117), and sec. 765. There is no merit in this contention."

In the instant case it is clear that delivery of the dismissal to the court clerk constituted proper entry thereof (Kelly v. Maupin, 177 Okla. 44, 58 P. [2d] 116), and was effective as a dismissal of the action without payment of costs (Mashunkashey v. Brewer, supra), and an order of court was not necessary to its validity. Stuart v. Hicks, 52 Okla. 665, 153 P. 143. The divorce action was no longer pending, and the trial court was without jurisdiction to enter the order requiring the defendant therein to pay attorney fees. Its order, therefore, against the defendant therein to show cause as for contempt constituted an attempt to make unauthorized application of judicial force. In such case the writ should issue to arrest the action of the court. El Reno Wholesale Grocery Co. v. District Court, 161 Okla. 72, 17 P. (2d) 478. In that case the trial court, after proper dismissal of the action by plaintiff, proceeded to make certain orders allowing defendant to plead. This court granted the writ arresting such action of the trial court and prohibiting the assumption of further jurisdiction therein.

The petitioner being without other adequate remedy, the writ should issue.

Writ granted.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, and DAVISON, JJ., concur. HURST, J., not participating. PHELPS, J., absent.