FRENCH v. FRENCH et al.

No. 29440. Oct. 15, 1940.

Rehearing Denied Jan. 21, 1941.

Application for Leave to File Second Petition for Rehearing Denied Feb. 11, 1941.

*110 P. 2d 236.*

Robert W. Maupin, of Oklahoma City, for plaintiff in error.

Ernest F. Jenkins, of Stillwater, for defendant in error.

WELCH, C. J. The controlling question is whether the trial court had authority and jurisdiction to enter the order requiring defendant to pay the attorney's fee, and whether the trial court had jurisdiction to try the defendant and convict him for violation of such order. He contends the order requiring payment was without authority and void for lack of jurisdiction.

Essential facts are that Venus French filed suit against her husband, Claud S. French, for divorce on December 27, 1938, and on the same day the district judge entered an order requiring the defendant to pay "to said plaintiff the sum of $110 within five days of this date for her attorney's fee and expenses in prosecuting this suit."

Eleven days later, January 7, 1939, upon reconciliation of the parties, and before answer day and before answer had been filed by defendant, the plaintiff dismissed the divorce action. Written dismissal was filed and the costs paid.

On March 18, 1939, the dismissal not having been vacated or set aside, or in any manner withdrawn, the court entered its order requiring defendant to pay to Ernest F. Jenkins the attorney's fee of $110 involved in this controversy.

It was for the violation of this order that defendant was cited and convicted, and that order he contends to be invalid.

The citation and prosecution was not for violating the original temporary order of December 27, 1938. There was one citation against both plaintiff and defendant for violation of that order, but that was dismissed by Mr. Jenkins, on whose application that citation had been issued.

The rule is well established that after such a dismissal of a divorce action the trial court retains no jurisdiction to order a husband defendant to pay an attorney's fee to the attorney who filed the divorce action for the plaintiff. Sherry v. Rowe, 181 Okla. 119, 73 P. 2d 134, and other decisions therein cited.

Mr. Jenkins, however, contends that as to certain orders made prior to dismissal the court does retain jurisdiction to compel performance, as in the case of Kelly v. Maupin, 177 Okla. 44, 58 P. 2d 116.

Effort is made to bring this case under the rule of Kelly v. Maupin, supra, upon the theory that the real purpose of this proceeding is to compel compliance with the original order. And the trial court in the order of March 18, 1939, was persuaded to conclude and find that the intent and purport of the original temporary order was to require the payment of the $110 therein mentioned to the attorney, Mr. Jenkins, or for his express benefit. We are convinced, however, that the original temporary order cannot be so construed. The order did not mention the attorney's name, and required no sum to be paid to any attorney nor to be paid for the benefit of any named attorney. So far as the original temporary order discloses, the plaintiff might already have paid the fee charged by her attorney. The temporary order merely required the defendant to pay to the plaintiff the sum of $110 to reimburse her, or to provide her with funds to pay an attorney's fee and other expenses in

prosecuting the suit. The temporary order did not indicate that all of the $110 was to be paid her for her attorney's fee. In fact, it did not disclose what part thereof was to be paid her for attorney's fee, nor what portion was to be paid her for other expenses in prosecuting the suit. To the contrary, the temporary order involved in Kelly v. Maupin, supra, required the defendant husband to pay the sum named, specifying that it was for temporary attorney's fee for her attorney, naming him. While it was there concluded that the temporary order was made for the benefit of the named attorney, that conclusion must have been based on the form of the order. The order here involved is so materially different as not to justify the application here of the rule followed in Kelly v. Maupin. Furthermore, in that case it was reasoned that the temporary order created an enforceable legal obligation to pay the money to the attorney, and created in the named attorney a right to enforce the order. It cannot be said that the order here involved created any obligation on the defendant to make any payment to the attorney Jenkins, nor any right in the attorney Jenkins to collect or compel payment to him as attorney's fee of the entire sum mentioned therein.

While the order of March 18, 1939, purported to carry forward the former temporary order and to construe it as an original order to pay the sum therein stated to the attorney Jenkins as his temporary fee, we are convinced that the latter order is so different as to constitute a new order requiring the defendant to pay the fee of the attorney. This, after dismissal of the action, the court would have no authority to do under the rule of Sherry v. Rowe, supra.

We therefore conclude, as in Sherry v. Rowe, supra, that the trial court was without authority to make the order of March 18, 1939, or to compel performance thereof, and the judgment appealed from is reversed.

CORN, V. C. J., and BAYLESS, GIBSON, and DAVISON, JJ., concur. RILEY, OSBORN, HURST, and ARNOLD, JJ., dissent.