SHINN v. MORRIS, Dist. Judge.

No. 35012.   Nov. 6, 1951.

*237 P. 2d 455.*

Robert W. Maupin, Oklahoma City, for plaintiff.

Phil E. Daugherty and E. William Brown, Oklahoma City, for defendant.

BINGAMAN, J.   This is an original action filed in this court by Orion Shinn and Berneice Shinn, husband and wife, wherein the plaintiffs ask that a writ of prohibition issue directed to Glenn O. Morris, Judge of the Seventh Ju-

dicial District of Oklahoma, commanding him to refrain from further proceedings in cause No. 68041-D, in the district court of Oklahoma county, wherein the petitioner Berneice Shinn was plaintiff and the petitioner Orion Shinn was defendant.

On December 5, 1950, petitioner Berneice Shinn commenced the above numbered action for divorce in the district court of Oklahoma county, against petitioner Orion Shinn. Orders were therein entered for the payment of temporary support money, attorney fees, audit and suit expense. These orders, as modified, were fully complied with by the defendant, Orion Shinn. Thereafter, on January 12, 1951, a reconciliation was effected between Shinn and wife and a written settlement agreement was prepared and executed by them. On January 22, 1951, pursuant to this settlement agreement, and before any answer or intervening petition was filed by the defendant or anyone else, the plaintiff filed a voluntary dismissal of such suit in the office of the clerk of such court. Prior to the filing of this dismissal, and on the 15th day of January, 1951, the attorneys for the plaintiff in that suit filed their application for additional allowance of attorney fees. This application was pending undisposed of at the time the dismissal was filed.

Thereafter, and on the 22nd day of January, 1951, said court entered an order setting the application for attorney fees for hearing on the 31st day of January, 1951. Subsequent thereto, and on the 31st day of January, 1951, the attorneys who had represented the plaintiff in such divorce suit, filed in their own names an application or motion to set aside the dismissal and reinstate the cause for the purpose of hearing and passing on their application for additional attorney fees. This motion was heard on February 7, 1951, at which time the court entered its order vacating the dismissal, striking same from the files, and continuing the hearing on the application for attorney fees to February 16, 1951. Further pro-

ceedings have been stayed pending the disposition of this case.

The question presented is, Did the voluntary dismissal terminate the divorce action and end the court's jurisdiction to enter orders therein in the absence of some recognized equitable procedure questioning the validity of such dismissal? This question must, we believe, be answered in the affirmative.

A party has an absolute right to dismiss an action under the provisions of sec. 684, Title 12, O. S. 1941, upon payment of costs, at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. Such voluntary dismissal operates to terminate the jurisdiction of the court over the subject matter of the action. Wood v. Hines, 117 Okla. 86, 245 P. 846.

In Sherry v. Rowe, 181 Okla. 119, 73 P. 2d 134, we held that, after the voluntary dismissal of a divorce action, the trial court was without further jurisdiction and could not make and enforce an order requiring the defendant to pay the plaintiff's attorney for his services. This appears to be the general rule. In a note to Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935, the annotator states that this is the better rule and is supported by a majority of the decisions, citing numerous cases. He further states that the reason for the rule is that to permit the attorney to continue the action, after the parties have become reconciled to each other and are living together in a state of amity, would violate public policy as it would have a tendency to break up the reconciliation and cause a resumption of the litigation.

In Harden v. District Court of Tulsa County, 175 Okla. 417, 53 P. 2d 247, we upheld the right of the trial court to set aside a dismissal filed by the plaintiff where the question of attorney fees and other matters had been submitted to the trial court and were then under consideration by him. But reading of the opinion in that case discloses

that the plaintiff, after having obtained temporary alimony and suit money in that action, dismissed the same in order to bring a new action in the district court of Tulsa county and we said that she could not, after having obtained the fruits of her undetermined litigation, withdraw therefrom and submit the whole matter to the district court of another county in a new action.

In Kelly v. Maupin, 177 Okla. 44, 58 P. 2d 116, the trial court, prior to the dismissal, had made an order directing the payment of attorney fees by the defendant to plaintiff's counsel and we held that such order created an enforcible legal obligation to pay the fee. Here there is no situation similar to the conditions existing in the cases last above cited.

In the case at bar the dismissal was effective and complete. The divorce action was no longer pending. None of the parties to such action question the sufficiency of such dismissal nor seek to vacate the same. The trial court was without jurisdiction to enter the order vacating the dismissal and is without jurisdiction to entertain the motion or application for an order requiring the defendant therein to pay attorney fees. Sherry v. Rowe, supra.

It is also contended that the dismissal did not become effective until all the costs were paid. But the record shows and respondents concede that there had been paid into the office of the court clerk the sum of $500 for the benefit of plaintiff, to cover expenses incurred. That sum was held by the clerk when the dismissal was filed. We assume that the clerk has or will deduct the costs due before disbursing this sum.

The right of the plaintiffs to a writ of prohibition under similar circumstances was clearly established in El Reno Wholesale Grocery Co. v. District Court, 161 Okla. 72, 17 P. 2d 478.

Writ granted.