514 P.2d 1050

**Barbara CRAWFORD, Appellant and Cross-Appellee,**

v.

**Robert A. CRAWFORD, Appellee and Cross-Appellant.**

**No. 1 CA–CIV 1840.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 16, 1973.

Green & Green by Ward S. Johnson, Phoenix, for appellant and cross-appellee.

Robert P. Davidson, Scottsdale, for appellee and cross-appellant.

OPINION

STEVENS, Judge.

This appeal presents the question of whether a trial court may award attorney's fees and expenses to the plaintiff wife in a divorce action after a judgment has been entered dismissing the action for lack of jurisdiction.

A brief recitation of the facts will provide the background of the case. Since both parties argued matters not contained in the abstract of record, and since the appellee filed no supplemental abstract of record, we have referred to the entire record before us. On 14 October 1970 Barbara Crawford, (hereinafter "wife") filed an action for divorce against Robert A. Crawford (hereinafter "husband"). On 23 October 1970, the husband moved to dismiss for lack of subject matter jurisdiction and lack of valid personal service. After

---

considerable discovery by both sides, and a hearing on the matter, the wife's complaint was dismissed by a formal written judgment entered on 20 January 1971. The judgment did not recite whether the ruling was based on lack of subject matter jurisdiction or lack of personal jurisdiction over the husband.

On 8 February 1971 the wife filed a petition for an order to show cause for the purpose of recovering the attorney's fees and expenses incurred by the wife in seeking the divorce. On 1 March 1971 the court issued an order to the husband to show cause why he should not pay the attorney's fees and expenses incurred in his wife's action. On 18 June 1971 the court determined that it was without jurisdiction to award attorney's fees and expenses to the wife, and granted the husband's motion to quash the order to show cause. From the 18 June 1971 order the wife appeals.

The wife first contends that the trial court had jurisdiction to grant the relief, despite the previous dismissal.

█ The general rule is that once having dismissed an action, the trial court has no jurisdiction to grant affirmative relief to the parties based on their subsequent petitions for affirmative relief. In Keenan Pipe and Supply Co. v. Superior Court, 94 Ariz. 307, 383 P.2d 864 (1963), it was stated that where a party has been dismissed from a lawsuit, he may not thereafter apply for relief based on that suit since the court no longer has jurisdiction to enter that relief. In Spring v. Spring, 3 Ariz. App. 381, 414 P.2d 769 (1966), the Court of Appeals considered whether the plaintiff-wife's voluntary dismissal, prior to any answer or motion for summary judgment, has the same effect as a formal dismissal. Having determined that it does, the Court held that the trial court had no jurisdiction concerning the substitution of attorneys or the awarding of fees.

Other jurisdictions have applied this rule to situations such as we have in the present case.

"As a general rule, counsel fees can be allowed only during the pendency of the suit. If not then applied for and obtained, there is no right to come in at a later date and demand their allowance." 3 Nelson, Divorce and Annulment (2d ed.) § 29.10 p. 238.

In Shinn v. Morris, 205 Okl. 346, 237 P.2d 455 (1951), the Court faced a situation similar to Spring, supra. After determining that a voluntary dismissal of a divorce action was the equivalent of a final judgment, the Court ruled that it was without jurisdiction to award attorney's fees, citing Sherry v. Rowe, 181 Okl. 119, 73 P.2d 134 (1937).

The Arizona Supreme Court has said that even where it lacks subject matter jurisdiction, attorney's fees may be included in the order of dismissal, at the Court's discretion. Carlson v. Carlson, 75 Ariz. 308, 256 P.2d 249 (1953). We are not faced with that situation in this instance because the question of attorney's fees was not included in the judgment of dismissal. We hold that the court's 18 June 1971 order that it lacked jurisdiction to enter an award for attorney's fees and expenses was proper.

DONOFRIO, P. J., and OGG, J., concur.