ALEXANDER et al. v. PHARAOH & CO. et al.

No. 31360. Sept. 19, 1944.

Rehearing Denied Jan. 16, 1945.

Application for Leave to File Second Petition for Rehearing Denied Jan. 30, 1945.

*155 P. 2d 244.*

A. L. Emery, of Okmulgee, for plaintiffs in error.

G. L. Bynum, of Henryetta, and Carland Smith, of Okmulgee, for defendants in error.

BAYLESS, J. R. C. Alexander and Pharaoh & Alexander, a partnership, appeal from a judgment of the superior court of Okmulgee county, Okla., rendered in favor of Pharaoh & Company, a corporation.

The parties differ with respect to the nature of the action and the issues involved, this difference being such as to affect the consideration of the weight of the evidence. Alexander instituted the action against the corporation by filing a petition seeking an accounting from the corporation upon the theory that he and the corporation constituted a partnership for the purpose of the performance of a contract for the construction of a waterworks system for the city of Checotah. Shortly thereafter, Alexander filed an amended petition in which he reiterated the partnership relationship but sought a money judgment only for $750 expended by him for the partnership and $2,200 salary for services performed. We do not find in this amended petition any reference to an accounting. Thereafter, Alexander filed a second amended petition wherein he set out as his first cause of action the $750 contributed to the partnership and in the second cause of action set out for services as foreman and sought $2,200 for salary earned. We find no reference in this petition to an accounting. Thereafter the corporation filed an answer wherein it denied generally and specifically the allegations whereon plaintiff relied and insisted that the partnership referred to by him was composed of Alexander and Pharaoh, individuals, and alleged that any services which Alexander rendered or any money which he expended were done so as a member of the partnership under a sub-contract with the corporation and denied his capacity to maintain the action. Corporation also filed a cross-petition in which it alleged that Alexander, whether acting personally or as a member of the partnership of Pharaoh & Alexander, caused damage to the corporation through the careless and negligent manner in which Alexander or the partnership performed the sub-contract and sought judgment against Alexander in the sum of $18,500. Alexander filed a motion and a supplemental motion to strike certain portions of the answer and cross-petition, and when these motions were denied moved the court to make the partnership firm of Pharaoh & Alexander a party to the action. An order to this effect was entered. Thereupon Pharaoh & Alexander, a co-partnership, filed a separate answer to the petition of Alexander denying his capacity to sue and denying that he was entitled to any relief, and then filed a separate answer to the cross-petition of the corporation in which it admitted the ex-

istence of the partnership between Pharaoh and Alexander, admitted that it was a sub-contractor of the corporation on the contract mentioned and denied that its work was not done in accordance with the specifications and denied that the corporation suffered any damage therefrom. Alexander then filed a reply to these various pleadings in which he expressly denied that the supplemental contract referred to as exhibit "B" was the evidence of the true partnership relationship between the individuals and insisted that the contract referred to as exhibit "A" evidenced the partnership between the corporation and himself as an individual, and generally took issue with the allegations in the answers of the partnership. When the case came on for trial the plaintiff dismissed his petition in open court. Thereupon, the trial judge caused the matter to proceed upon the issues between the corporation on one side and the partnership and Pharaoh and Alexander on the other. A judgment resulted in favor of the corporation and against the partnership, and its individual members, upon the decision of the trial judge sitting without a jury, for the sum of $3,429.14 and costs. As we construe the issues presented by this state of the record the case was tried between the corporation and the partnership and its members as a law action for damages and not for equitable relief. Therefore, if there is any evidence in the record reasonably tending to support the findings of the trial court, the same will be affirmed since they have the force and effect of a jury verdict. Gates Oil Co. v. Prairie Oil & Gas Co., 159 Okla. 288, 15 P. 2d 56; Farmers Co-Operative Elevator Co. v. Farmers Union Co-Operative, 127 Okla. 275, 260 P. 755; Schafer v. Lee, 64 Okla. 106, 166 P. 94, and other cases.

Alexander presents four assignments of error and discusses them in the portion of his brief wherein he has abstracted the pleadings. All of these relate to his motions to strike the pleadings of the corporation and partnership,

(1) because the contract between the corporation and the partnership (composed of the corporation and himself as he contends) was ultra vires, and (2) issues were presented which were not germane. If Alexander's contention that the first contract executed, commonly referred to as Exhibit "A", evidences the true partnership arrangement had been sustained by the trial court as a matter of evidence and on the basis of construction of the two contracts, these assignments would have merit to them. In addition to the language of the two contracts, which, when taken together, are plain and unambiguous, the testimony of several of the witnesses, including Alexander, was that the partnership was between the individuals and not between the corporation and Alexander. As to Alexander's argument relating to the non-germane issues tendered, we are of the opinion that his voluntary dismissal, whereby he removed himself as an active seeker of relief, so changed the situation as to render moot the objections which he, when he was an active plaintiff, had urged to the pleadings filed.

In that part of his brief dealing with the abstract of the evidence Alexander presented 27 specifications of error. One of these touched upon his objection to the introduction of evidence in support of the cross-petition, 21 of them dealt with specific objections to particular items of evidence from named witnesses, and four related to the alleged errors involved in the findings of fact and the rendition of the judgment.

We are of the opinion that the issues as made up by the answer and cross-petition of the corporation, the answer of the partnership and the reply of Alexander to those pleadings were such as justified the trial court receiving evidence in the trial of such issues and the objection to the introduction of evidence was without merit.

Several of the specific objections to evidence from certain witnesses are extremely narrow in their purport, not

going much beyond the effect of the objection to the introduction of evidence. These specifications of error are covered by what we have said relating to the general objection to the introduction of evidence. Alexander objected to several of the witnesses testifying to a variety of subjects covering the entry into the contract and the performance thereof throughout. These objections touched upon matters which were germane to the investigation of the controversy between the parties and were clearly proper. In some instances the trial court required reframing of the questions asked, but in those instances where this was not done we feel that no abuse of discretion occurred since the trial judge was hearing the evidence and sitting as a jury and it is presumed that his knowledge and experience in those matters is such as to lead him to reject from consideration evidence which under an inflexible interpretation of the rules of evidence might not strictly be admissible. We have considered these specifications of error not only in that portion of the brief relating to the abstract of the evidence but also in that part of the brief devoted to "arguments" wherein Alexander has repeated these specifications generally and made additional argument with respect thereto. We are not impressed that there was anything in the admission of the testimony of those witnesses complained of that constituted error or prejudicially affected Alexander.

Throughout the brief Alexander continually argues that it was error for the court to have made the partnership of Pharaoh & Alexander a party to the action, and he bases this upon technical arguments with respect to when the partnerships may be sued and when the individuals composing the partnership may be sued. We think it is a sufficient answer to this argument to say that the partnership was made a party to the action upon Alexander's motion and, in view of the issues tendered by the corporation in its answer and cross-petition, properly so. If the making of the partnership a party to the action was error, it is axiomatic that the person inducing error will not be permitted to take advantage thereof to obtain a reversal of the matter on appeal. Likewise, his argument respecting the ultra vires of the partnership because the corporation was one of its members is without merit in view of Alexander's testimony that he and Pharaoh composed the partnership.

With respect to the group of errors assigned by Alexander attacking the sufficiency of the evidence to support the findings and judgment, we are of the opinion that they are without merit. The trial court heard the testimony of Alexander, of Pharaoh, and of employees of the corporation and other witnesses touching upon the manner in which the partnership, admittedly the sub-contractor of the corporation, performed its obligations under the contract, and this evidence was of such character and quantity, if it was believed and accepted by the trial court, as to amply support a judgment in favor of the corporation.

The judgment appealed from is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur.