POPPLEWELL v. JONES.

No. 33479. Oct. 11, 1949.

Rehearing Denied Nov. 8, 1949.

*211 P. 2d 283.*

186

Eagin & Eagin, of Oklahoma City, for plaintiff in error.

Sam S. Gill, of Oklahoma City, for defendant in error.

PER CURIAM. Defendant in error, S. J. Jones, a real estate broker, instituted this action against plaintiff in error, Lelah Popplewell, to recover $800 for securing a purchaser ready, willing and able to purchase real property of defendant. The action was tried without a jury. Upon conclusion of plaintiff's evidence in chief, defendant demurred thereto. The demurrer was overruled and upon defendant electing to stand thereon the court awarded plaintiff judgment as prayed, and defendant appeals. Assigned as error is the action of the court in overruling the demurrer and awarding plaintiff judgment. The parties will be referred to as they appeared in the trial court.

The initial contract, upon which the cause of action is predicated, is as follows (description omitted):

"_____ Expires_____

"Exclusive Listing Contract
"(Adopted by the Oklahoma City Real Estate Board)

"Member
"Oklahoma City Real Estate Board
"And National Association
"Real Estate Boards

Jones Real Estate and Business Broker
Phone 2-2428
200-240 Commerce Exch. Bldg.
Oklahoma City, Okla.

March 28, 1946

"To Jones Real Estate & Business Broker:

"I own property described on opposite side of this Contract, and in consideration of your advertising this property for sale, I hereby grant and give to you the sole and exclusive right to sell same for a period of 90 days from this date and thereafter until notified by me in writing.

"In the event it is sold by you, or myself, or by any other person during said time, for the price and upon said terms, or for a price and upon terms acceptable to me, then and in either of said events, in consideration of your listing the property and endeavor to sell the same, I promise and agree to pay the regular fixed commission of 5 per cent as adopted by the Oklahoma City Real Estate Board. In the event said real estate is traded or exchanged for other property during said time, I promise to pay the usual exchange commission.

"Signed   Lelah Popplewell
Owner

"Address   134 N. W. 17 Apt. No. 1 phone No. 53971"

"Exhibit A"

Within the time prescribed the plaintiff procured a purchaser, one Laura Moore, who was qualified and acceptable. Plaintiff acted as an intermediary in the negotiations between defendant and purchaser and prepared the contract signed by the purchaser under which said purchaser offered and agreed to pay the total price of $16,000, of which $6,000 was to be paid in cash at time of closing contract and the balance in cash provided the purchaser could procure a satisfactory loan of $10,000. The purchase was conditioned upon defendant having a valid and merchantable title in fee simple to the premises. There was deposited with the plaintiff by the purchaser $1,000 as earnest money to be forfeited in event of failure to perform the obligations of the contract. Defendant's acceptance of the offer was made in the following language endorsed thereon:

"Oklahoma City, Oklahoma
"May 11, 1946

"I, or we, owner of the above described property accept the above offer and agree to pay Jones Realtor and Business Broker a regular commission

of (sic) Fifteen Thousand Net to owner Dollars recommended by the Oklahoma City Real Estate Board.

"(Sgd)   Lelah Popplewell
"Lelah Popplewell  Seller"

The abstract of title furnished by defendant to purchaser disclosed the existence of a judgment lien upon the premises in the sum of $1,750. Upon advice of her attorney, purchaser refused to approve the title by reason thereof. Defendant was unwilling to remove the lien and, with her consent, the earnest money was refunded.

Thereafter plaintiff instituted an action in the district court against the defendant for the sum of $1,000. The trial thereof was begun in said court and continued until the plaintiff had introduced his evidence in chief and rested. Defendant interposed a demurrer to the evidence. Before the demurrer was disposed of, plaintiff, by leave of court, dismissed without prejudice, and thereafter the present action was instituted. The pleadings therein are not in evidence here but a transcript of the testimony of the plaintiff therein is in evidence and is to like effect as his testimony herein.

Material to the construction of the acceptance clause, quoted above, upon which emphasis is laid in the argument, plaintiff testified, in substance, as follows: The improvements upon the premises consisted of two duplexes, one of 10 rooms and the other of 12 rooms. The purchaser was desirous of having an appraisal of the cost of rearranging the buildings for an apartment house. The cost of such an appraisal would be $200 unless the contractor making the appraisement was employed to make the alteration, in which event there would be no charge therefor. The purchaser was averse to bearing the cost thereof and same became a matter of discussion between the purchaser and defendant with result that defendant agreed to bear the expense thereof with the understanding that she was to have $15,000 net of the purchase price. Following such agreement the acceptance clause was prepared by plaintiff and signed by defendant.

It is the contention of defendant that the effect of the acceptance clause was to supersede the initial contract and substitute therefor a contract for the sale which provided for a net price to seller by reason of which plaintiff is entitled to no relief on authority of Clark v. Seay, 140 Okla. 198, 282 P. 357, wherein we declared:

"Where a broker's contract of employment provides for a net price to the owner and employer, the broker to receive as his commission all over and above the net price for which the property is sold, and the broker secures a purchaser acceptable to the employer, and who offers to pay a sum in excess of the net price, but the sale is not consummated because of a defect in the title to the property, and the broker sues his employer on the contract for the excess as his commission, he is not entitled to recover in the absence of a showing that the sale was completed, and a price received in excess of the net price stipulated."

In Continental Supply Co. et al. v. Levy, 121 Okla. 132, 247 P. 967, we said:

"The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties thereto as expressed therein, and give effect to the same if it can be done consistently with legal principles. In arriving at the intention of the parties to a contract, the language used therein, if it is clear and explicit and does not involve an absurdity, governs in the interpretation. The whole instrument should be read together, giving to the words and terms thereof their ordinary and accepted use and meaning, and, if possible, every part thereof should be made effective, each clause helping to interpret the others.

"One claiming that a contract modifies a prior contract must show that the latter contract is definite and certain as to the terms of modification, and the modification extends only so far as the terms are definite, certain, and intentional."

188

Under the initial contract the defendant agreed to pay a commission of $800 for the securing of a purchaser. The purchaser was secured and it is recognized that previous to entering into the acceptance clause the defendant was indebted to the plaintiff therefor. Assuming for the sake of the argument that the language of the clause purports to entitle the plaintiff to receive as commission for the sale all in excess of $15,000, which is necessary in order for the quoted doctrine to apply, the effect thereof is to ascribe to the defendant the intent to pay $1,000 for that which she had already obtained for the $800 owing and ignore her obligation to the purchaser for the appraisement which was of immediate concern. This is not reasonable. The generally accepted rule, as stated in 17 C. J. S. §295, is that, where it is plainly to be inferred that the party could not have intended to use the words in the general sense which they impart:

". . . Greater regard is to be had to the clear intent of the parties than to any particular words which they may have used in the expression of their intent. No matter how broad or how general the terms of the contract may be it will extend only to those matters with reference to which the parties intended to contract."

The acceptance clause dealt with liability for the proposed appraisement as well as the commissions then due and owing. The commissions plus the expense which defendant was willing to bear aggregated $1,000. So considered, the effect of the acceptance clause in securing to defendant $15,000 net of the purchase price is to limit defendant's liability for both commissions and expense to $1,000. And that such was the intent of the parties thereto is made clear by the evidence which stands admitted by the demurrer.

Judgment affirmed.

Rehearing  Denied  Nov. 8, 1949.