RANDALL et ux. v. PAINE-NICHOLS ABSTRACT CO. et al.

No. 34310.   Nov. 6, 1951.

Rehearing Denied Dec. 11, 1951.

*238 P. 2d 319.*

A. L. Commons, Miami, for plaintiffs in error.

Nesbitt & Nesbitt, Miami, for defendants in error.

CORN, J.   Plaintiffs, husband and wife, brought this action seeking to recover damages for alleged error in compiling an abstract.   The amended petition alleged the defendant abstract company had been employed to compile an abstract covering plaintiffs' farm; that it was compiled and delivered to the prospective purchasers without being seen by plaintiffs; that the abstracter negligently failed to show the property was burdened by a flowage easement in favor of the United

States; that subsequent to execution of their warranty deed their grantees sued plaintiffs for breach of warranty, and recovered judgment against them for $1,500, costs and attorney fees; that such loss resulted from abstracter's negligence, and under the statute (1 O.S. 1941 §1) the defendant was liable for such error, plaintiffs thereby being entitled to judgment against these defendants upon the abstracter's bond.

Defendants' answer admitted plaintiffs' grantees (Maddin) had recovered a judgment against them, but denied plaintiffs' reliance upon the abstract when they represented the condition of the title, in that they knew a flowage easement existed on 16.7 acres of the land although same was not recorded at the time of compilation. Further, if plaintiffs had disclosed existence of the easement they would have received $1,583 less for the land; and, that the judgment recovered against them was for fraud practiced in concealing knowledge of existence of this easement, and not for breach of warranties resulting from their reliance upon the abstract of title. Plaintiffs' reply denied generally the matters alleged in the answer.

The evidence discloses plaintiffs acquired title to this land in 1930, and in 1944, the United States Government condemned 16.7 acres for a flowage easement. Approximately one year prior to the transaction with the Maddins a government representative called and advised Randall this property had been appraised at $335, and offered him this amount. In February, 1945, plaintiffs entered into negotiations culminating in sale of this land to the Maddins. During this time Maddin inquired whether there was an easement upon the land and Randall advised him none existed. However, his testimony was that he had neither examined the records, nor had the abstract brought down to date, and at that time could not have been relying upon the abstract for knowledge concerning existence of an easement. Plaintiffs later employed defendant to bring the abstract down to date, and upon completion it was

delivered to the Maddins without plaintiffs seeing same. Randall further testified that when he discussed the easement with Maddin he actually did not know whether there was an easement against the land. And, although he claimed not to have been served with summons in the condemnation proceedings, Randall made no effort to have such judgment set aside after learning of the easement, but thereafter went in and accepted the money damages set out in the judgment. The Maddins' attorney approved the title, no easement appearing against the land, and plaintiffs' executed their warranty deed February 23, 1945.

The county clerk's records showed the easement judgment had been received, indicating a grant of the easement from the United States to the "Public", but containing nothing indicating plaintiffs' land was concerned therein. This instrument had been withdrawn from the office before indexing and recordation, and at the time of abstracting there was no record in the clerk's office to indicate plaintiffs' land was concerned in the easement judgment.

At the conclusion of the plaintiffs' evidence the trial court sustained defendants' demurrer thereto, and instructed the jury to return a verdict in defendants' favor. Judgment was rendered upon the verdict dismissing plaintiffs' action. For the purpose of this decision the argument urged by plaintiffs in seeking reversal of this judgment may be considered under the single proposition of whether the trial court erred in sustaining defendants' demurrer to plaintiffs' evidence, and in instructing the jury to return a verdict for defendants.

Plaintiffs urge that the statute (1 O.S. 1941 §1) governs the duties and liabilities of abstracters and, in view of such statute, the sole question is whether the defendant abstract company was negligent in compiling the abstract and certifying its correctness. The argument is made that the ab-

stract did not show an easement upon the property and plaintiffs did not know of its existence, and relying upon abstract they executed their warranty deed and thereby were damaged by being held liable on the warranty. Thus plaintiffs contend that, defendants having offered no evidence, their evidence must be taken as true and the trial court erred in sustaining the demurrer and instructing the jury to find for defendants, since a demurrer to the evidence should not be sustained unless there is an entire absence of proof showing plaintiffs' right to recover. Citing First State Bank of Addington v. Latimer, 48 Okla. 104, 149 P. 1099; M., K. & T. Ry. Co. v. Perino, 89 Okla. 136, 214 P. 907.

Admittedly this abstract was erroneous, although at the time of compilation there was nothing filed in the county clerk's office indicating the existence of this easement upon plaintiffs' land. However, the testimony positively discloses that plaintiff stated there was no easement upon the land even before employing defendant to compile the abstract, and plaintiff admittedly was not relying upon the abstract when he represented to the Maddins that there was no easement existing.

The general rule as respects abstracters' liability for errors in compilation of abstracts is stated in 1 C.J.S., Abstracts of Title, §11, as follows:

"Furthermore, he is liable for such injury or loss only as results proximately from his error or omission, and not for any loss incurred by one not, at the time of taking the action which results in the loss, relying on the abstract; . . ."

See, also, 1 Am. Jur., Abstracts of Title, §17. The basis of the quoted rule was recognized by this court in Sackett v. Rose, 55 Okla. 398, 154 P. 1177, wherein it was pointed out that an abstracter would be liable in damages to anyone "relying upon said abstract to his detriment."

The evidence shows, and the trial court correctly determined, that plain-

tiffs were not relying upon the abstract compiled by defendant abstract company when they executed their warranty deed. None of plaintiffs' evidence tended to establish that their reliance upon the defects in the abstract occasioned the loss for which they sued to recover. Rather, the evidence tended to establish that such loss resulted entirely from their own conduct. It is true that defendants' demurrer to plaintiffs' evidence admitted the truth thereof. Popplewell v. Jones, 202 Okla. 185, 211 P. 2d 283. However, it is also the rule that a demurrer to the sufficiency of the evidence properly is sustained where the record does not contain any evidence tending to establish the liability of the demurrant. Sharp v. Pawhuska Ice Co., 90 Okla. 211, 217 P. 214. In such instances, it is reversible error for the trial court to overrule the demurrer to the evidence. Black v. Wickett, 127 Okla. 53, 259 P. 642; Morgan Sash & Door Co. v. Cullen Lbr. Co., 195 Okla. 448, 159 P. 2d 233.

Judgment affirmed.