Kenneth THOMPSON, d/b/a Kenny's Cafe, Plaintiff in Error,

v.

J. Ray POLLOCK, Constable Justice of the Peace District No. 4, Division No. 2, Tulsa County, Oklahoma, and O. L. Howard, Constable Justice of the Peace District No. 2, Tulsa County, Oklahoma, Defendants in Error.

No. 38616.

Supreme Court of Oklahoma.

March 1, 1960.

Vural L. Gilley, Tulsa, for plaintiff in error.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Tulsa, for defendants in error.

JOHNSON, Justice.

This action was brought in the Court of Common Pleas of Tulsa County, Oklahoma, by Kenneth Thompson, d/b/a Kenny's Cafe, against J. Ray Pollock and O. L. Howard, constables of certain separate justice of the peace districts of said county. In his first cause of action he sought to recover against each of the defendants $50 for actual damages and $900 exemplary damages allegedly suffered by him as a result of defendants' assault and battery upon him, and his second cause of action was for unlawful arrest and false imprisonment by said defendants in which he prayed for $1,800 judgment against both (or each) of the defendants for actual damages and $1,800 exemplary damages.

Defendants answered alleging they were acting under and pursuant to an order of execution duly issued by a justice of the peace of Tulsa County, at the time of the acts complained of, and that plaintiff interfered with them in their lawful duty in their execution of said order, even assaulting defendant Howard in an attempt to prevent the lawful execution of the process. They further denied that there was any assault and battery inflicted by them on the plaintiff and alleged that whatever difficulty arose was as a result of plaintiff's aggression, and if any injury was caused to the plaintiff, which they denied, if resulted from defendants acting in self defense and in defense of defendant Howard. They denied arresting or imprisoning the plaintiff, and alleged that if an arrest or imprisonment had occurred the same was justified in preventing the plaintiff from interfering with them in their lawful duties.

Plaintiff's reply was a general denial of the allegations of the defendants' answer, a special denial of any knowledge of defendant's official capacity, or that he provoked the defendants in any way or was guilty of any conduct causing or contributing to his injuries or damages.

The parties proceeded to trial before a jury upon the pleaded issues. Plaintiff adduced his testimony and rested, whereupon the defendant Pollock demurred to the plaintiff's evidence in support of both causes of action. His demurrer was sustained, and the two causes of action against him were dismissed.

Thereafter, defendant Howard demurred to both causes of action, and the Court found that his demurrer to plaintiff's evidence should be sustained, except as to plaintiff's claim for mental and physical pain suffered by him as a result of the alleged assault and battery, for which damages in the sum of $50 had been sought. His demurrer to the plaintiff's second cause of action was sustained, and Howard then proceeded to adduce evidence in his defense, but before he rested his case, the plaintiff dismissed the action against him without prejudice.

■ The plaintiff's motion for a new trial was overruled, and he has appealed to this Court on petition in error and designation of the record under 12 O.S.Ann. § 956.1 et seq., asking this Court to review certain rulings by the trial court affecting his cause of action against the defendant Howard made prior to his voluntary dismissal of his action against him. This we cannot do. Whitehead v. Williams, 196 Okl. 411, 165 P. 2d 618, 619. Plaintiff's voluntary dismissal of his action against defendant Howard terminated the jurisdiction of the trial court over the subject matter of the action. Wood v. Hines, 117 Okl. 86, 245 P. 846. Plaintiff's voluntary dismissal removed him as an active seeker of relief against Howard, and so changed the situation as to render moot the objections which he had urged against the trial court's rulings while he was an active plaintiff. Alexander v. Pharaoh & Co., 195 Okl. 74, 155 P.2d 244. Therefore, we shall consider only the matters pertaining to the cause on appeal as between the plaintiff and the defendant Pollock. Any reference to Howard will be only incidental to a determination of the issues as between plaintiff and Pollock.

■■ The sole question raised by plaintiff's appeal from the trial court's order sustaining the demurrer of defendant Pollock to plaintiff's evidence in support of his first

cause of action is the correctness of such ruling. In determining when a demurrer to the evidence should be sustained, or motion for a directed verdict granted, this Court in J. R. Watkins Co. v. Palmer, 193 Okl. 684, 146 P.2d 843, 845, stated the well established rule as follows:

"It is well settled that where a party wholly fails to prove facts sufficient to entitle him to recover against his opponent, a demurrer to his evidence should be sustained and motion for directed verdict should be granted. Downtown Chevrolet Co. v. Lehman, 191 Okl. 319, 129 P.2d 578, and cases therein cited."

The same rule is similarly stated in the more recent case of Randall v. Paine-Nichols Abstract Co., 205 Okl. 430, 238 P.2d 319, 321, 28 A.L.R.2d 887. Therein it was said:

"* * * a demurrer to the sufficiency of the evidence properly is sustained where the record does not contain any evidence tending to establish the liability of the demurrant. Sharp v. Pawhuska Ice Co., 90 Okl. 211, 217 P. 214. In such instances it is reversible error for the trial court to overrule the demurrer to the evidence. Black v. Wickett, 127 Okl. 53, 259 P. 642; Morgan Sash & Door Co. v. Cullen Lbr. Co., 195 Okl. 448, 159 P.2d 233."

It was in accord with the above rules that the trial court sustained the demurrer of defendant Pollock to plaintiff's first and second causes of action. Application of such rule to defendant Howard's demurrers resulted in the trial court's sustaining such demurrer in part but overruling the demurrer as to the assault and battery by Howard for allegedly striking plaintiff with a blackjack. However, as previously stated, plaintiff dismissed his case as to Howard, and no issue as to such defendant is before this court.

Plaintiff's pleadings affirmatively admitted that defendants Pollock and Howard were constables and were acting as constables for a justice of the peace in Tulsa County at the time all incidents allegedly took place. This is not denied by the defendants, who affirmatively alleged that they were levying upon plaintiff's personal property under a lawful writ of execution at the time in question. Plaintiff's own testimony, which is all that is being reviewed by this court, affirmatively establishes that there was no touching of plaintiff in any way by defendants until such time as plaintiff attempted to lock his cash register and thereby prevent the defendants from levying on the money under the writ of execution. The plaintiff himself admitted that he was attempting to lock his cash register to prevent the defendants from levying on the money under the execution. Mr. Tucker, one of plaintiff's witnesses, testified that plaintiff was told to get away from the cash register prior to defendants physically taking him and moving him away from it. No one identified defendant Pollock as the man actually physically restraining plaintiff or touching him in any way other than trying to prevent him from locking the front door of the cafe.

While there is proof that some one of the constables used language that ordinarily would not and should not be used, yet there was no showing that the officers in executing the process proceeded in an illegal manner, including the arresting of plaintiff, assuming that he was arrested.

The statute 39 O.S.1951 § 283 directs the service and execution by a constable for a justice of the peace and requires such officer to collect the amount of the judgment out of the personal property of the debtor. 39 O.S.1951 § 285 creates a personal liability of the constable for a failure to serve a writ of execution within thirty days of the date it is delivered to the constable. 21 O.S.1951 § 540, protects such officers in the performance of their duties. That statute provides:

"Every person who wilfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office, is guilty of a misdemeanor."

The plaintiff in this case plead the authority of the defendants and the uncontradicted testimony of the plaintiff and his witnesses was that the plaintiff attempted to obstruct the defendants in the performance of their official duties. Under these circumstances

there was no question to go to the jury as to the defendants' liability. Brown v. Saylor, 204 Okl. 154, 228 P.2d 187.

Pollock's demurrer was properly sustained. There was no proof of malice, and what has been said herein about the court's order sustaining the demurrer to the first cause of action equally applies to the plaintiff's second cause of action or damages actual and exemplary for false arrest and imprisonment.

The plaintiff's testimony did not establish a false arrest or false imprisonment in that his pleadings and witnesses established that there was no confinement of plaintiff by defendant Pollock, and if there was an arrest and any imprisonment, through requesting the plaintiff to sit down in a certain place in an effort to move him away from the cash register, it was justified or privileged. The officers' legal duty to serve the writ of execution would operate as a legal justification of any imprisonment or arrest occurring under the facts of this case.

Other questions are raised, but in view of what we have said, we deem it unnecessary to consider them. The judgment is affirmed.

WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.