**T. L. CRAFT, Plaintiff in Error,**

v.

**Clarence A. BATES, Defendant in Error.**

**No. 39629.**

Supreme Court of Oklahoma.

May 29, 1962.

Paul & Montgomery, Durant, Alan B. McPheron, Durant, for plaintiff in error.

O. A. Brewer, Hugo, for defendant in error.

JACKSON, Justice.

This was an action by Clarence A. Bates, plaintiff below, who sought to recover against T. L. Craft (defendant below) on a written contract between the parties for dissolution of their partnership in the business of producing, crushing and marketing rock. The petition alleged two causes of action; one for $10,000.00—the amount which under the terms of the contract defendant agreed to pay for plaintiff's interest in the dissolved partnership business; the other, for $1,945.00, was based upon assignments made to plaintiff by certain partnership creditors whose accounts defendant had assumed to pay under the terms of the dissolution agreement. In his answer and cross-petition defendant admitted the execution of the dissolution agreement but sought to avoid its effect on the grounds of fraud in its procurement. Defendant alleged that he had been deprived of access to the partnership books and "was led to believe" by false representations that the plaintiff had made an equal capital contribution to the partnership; that by such "fraud and false representations" defendant was induced to sign the dissolution agreement. In his cross-petition defendant prayed judgment for $24,000.00 and an accounting for materials belonging to the defendant which plaintiff had sold since the dissolution of the partnership. The trial court sustained plaintiff's demurrer to the evidence adduced in support of defendant's cross-petition, submitting to the jury the issues raised by the petition and answer. Judgment was

entered below for the plaintiff upon a verdict allowing him recovery for $10,896.47 (the total sum sought under both causes of action less defendant's admitted payment of $1,048.53 which was credited upon the amount owing plaintiff under the dissolution agreement). Defendant has perfected this appeal from an order denying his motion for new trial.

The appeal presents for our consideration three questions: (a) under the terms of the dissolution agreement defendant's obligation to pay plaintiff for the latter's interest in the partnership business was made to depend for its existence upon the occurrence of certain conditions and, since there is an entire absence of proof that these conditions were in fact met, the trial court erred in failing to sustain defendant's demurrer to the evidence; (b) the court erred in sustaining plaintiff's demurrer to the evidence adduced by defendant in support of his cross-petition; (c) plaintiff failed to prove payment of Intangible Property Tax due upon the amount sought to be recovered.

Under the unmistakable provisions of the dissolution agreement which formed the basis of this action defendant promised to pay plaintiff the sum of $10,000.00 for the latter's interest in the partnership. The obligation so assumed, though vested, was to be discharged in the following manner: upon the sale of 5,000 tons of rock material then in the partnership inventory defendant was to pay out of the proceeds realized therefrom $1,945.00 to certain creditors, and one-half of the remainder to the plaintiff. The balance due to the plaintiff (after such payment) was to be remitted on the basis of 5¢ per each ton of rock material thereafter sold by the defendant. These latter payments, to be made on the 15th day of each calendar month, were to continue until the full sum of $10,000.00 shall have been paid. If prior to full payment defendant should proceed to "liquidate" his rock marketing business, plaintiff was to "revert to his former status of a partner in the firm".

■ As we view the payment clause as outlined, it does not operate to absolutely prevent plaintiff's right from vesting nor does it render it uncertain. It merely limits the amount which may be recovered at a given time to the sum actually accrued and due at the inception of the action, and requires successive actions for recovery of successively accruing payments upon the obligation. Such contractual stipulation is more in the nature of a condition subsequent which, unless pleaded by the obligor, will be deemed waived. Northwestern Nat. Life Ins. Co. v. Ward, 56 Okl. 188, 155 P. 524.

■ In United States Fidelity & Guaranty Co. v. State ex rel. Shull, Bank Com'r, 157 Okl. 27, 10 P.2d 454, 456, it is said:

"* * * 'The general rule of pleading is that defenses which assume or admit the original cause of action alleged, but are based upon subsequent facts or transactions which go to qualify or defeat it, must be pleaded.'

"In the case at bar, defendant seeks to defeat plaintiff's cause of action because of certain clauses and conditions in the bond sued upon.

"Under the holding of the court just announced, supra, if defendant desired to take advantage of said defense, it was its duty to plead the same, and, if it did not plead said defense, it is held to have waived the same."

See also, Continental Gin Co. et al. v. Arnold, 52 Okl. 569, 153 P. 160, 163; and Mercantile Ins. Co. et al. v. Murray, 171 Okl. 597, 43 P.2d 451, 458.

■ The defendant in this cause relied solely upon his defense of fraud. The nonfulfilment of the condition subsequent did not appear on the face of the petition. This issue was neither pleaded by the defendant, nor otherwise raised by his evidence. Moreover, when plaintiff did, on rebuttal, offer proof to show that defendant had sold a very substantial amount of rock material, defendant strenuously objected

and was successful in having such evidence excluded as irrelevant.

The case was defended below on the sole theory of fraud in the procurement of the dissolution agreement. The theory of condition precedent now advanced on appeal was not urged. A party will not be permitted to prevail on appeal or seek review upon a theory which was not presented to the trial court. Parkhill Truck Company v. Reynolds, Okl., 359 P.2d 1064, 1067; Hays v. Childers, Okl., 312 P.2d 865; Smiley v. Jaggers, Okl., 327 P.2d 652.

■ Defendant's own evidence in support of his cross-petition shows that he had free access to the partnership books which were in the custody of a third party, had an opportunity to inspect the same at any time, and that the parties had "dealt fairly with each other" in the settlement of the partnership business. Defendant admitted that plaintiff "never agreed to put an equal amount in that business (partnership)", and wholly failed to prove any misrepresentation or damage therefrom.

■ The evidence, viewed as a whole, is clearly insufficient to support any allegation of fraud. A demurrer to the sufficiency of the evidence is properly sustained where the record does not contain any evidence tending to establish liability of the demurrant. Randall v. Paine-Nichols Abstract Co., 205 Okl. 430, 238 P.2d 319, 321, 28 A.L.R.2d 887; see also, Thompson v. Pollock, Okl., 350 P.2d 274, 276.

In Myers v. Garland, 128 Okl. 247, 262 P. 654, we held:

"To constitute actionable fraud, it must be made to appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made

it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury; and (7) all of these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to a recovery."

■ There was therefore no error in sustaining plaintiff's demurrer to defendant's evidence in support of the cross-petition. Although the errors advanced and discussed thus far in this opinion do not furnish any basis for a reversal, the judgment must be vacated as the record fails to establish a jurisdictional prerequisite to rendition of judgment in plaintiff's favor. Plaintiff pleaded compliance with the Intangible Tax Law, 68 O.S.1961 § 1501 et seq., but offered no proof in support of this allegation. After the present appeal was lodged, plaintiff apparently sought to cure this jurisdictional defect by attaching a tax receipt to an instrument filed in this court.

■ The question of proper compliance with the Intangible Tax Law is a matter for the initial determination of the trial court. It may not be adjudicated here for the first time. In accordance with our past opinions the judgment is vacated and the cause remanded to the trial court with directions to tax the costs of this appeal to the plaintiff, and to determine whether or not plaintiff has complied with Intangible Tax Law. The trial court is further directed to re-enter judgment in plaintiff's favor if he be adjudged to have so complied; otherwise to dismiss the action without prejudice. Harris v. Conway, Okl., 343 P.2d 1069, 1078; Henry Building Company v. Cowman, Okl., 363 P.2d 208.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.