Forrest L. BARNES and Mary Jeane Golds-
by, Plaintiffs in Error,

v.

S. E. TOWNLEY, Leon Townley and R. C.
Townley, a co-partnership, d/b/a Town-
ley Dairy, Defendants in Error.

No. 41648.

Supreme Court of Oklahoma.

Nov. 12, 1968.

Rehearing Denied Jan. 7, 1969.

"counsel and advise in good faith with the purchasers in order that they may have his services and advice in connection with the betterment and operation of their business" (with an understanding that after October 1, 1958, he would not be required to devote any particular amount of his time in connection therewith). He also agreed that during the period of three months following July 1, 1958, he would "devote so much of his time as may be required by purchasers so that purchasers may familiarize themselves with the operation of said business." The same paragraph of the contract also provided that:

"* * * For said agreement of the parties, as provided in this paragraph, purchasers agree to pay sellers the sum of $10,000.00 on July 1, 1959, the further sum of $10,000.00 on July 1, 1960, the further sum of $10,000.00 on July 1, 1961, the further sum of $5,000.00 on July 1, 1962, and the final sum of $5,000.00 on July 1, 1963, all sums to be without interest. * * *."

In their petition, the plaintiffs pleaded execution of the contract, full performance on their part of all of the provisions of paragraph 8 thereof, above mentioned, and that the defendants breached the contract by failing to pay the amounts due them under that paragraph of the contract on the first days of July in 1961, 1962, and 1963, although demand had been made therefor. They prayed for judgment against the defendants in the sum of $20,000.00, together with interest on each of the unpaid installments from its due date at the rate of six per centum per annum.

George L. Verity, Brown, Verity & Brown, Oklahoma City, for plaintiffs in error.

Townley & Cassil, Marian P. Opala, Oklahoma City, for defendants in error.

HODGES, Justice.

This appeal involves a construction of one paragraph (numbered 8) in a written contract dated July 1, 1958, of the sale of a dairy business. The plaintiffs, as sellers, agreed that for a period of five years they would not engage in a competitive business. One of the plaintiffs (Barnes) agreed that during the same five-year period, he would

In their answer, the defendants admitted the execution of the contract and non-payment of the amounts pleaded by the plaintiffs, but denied that said sums ever became due and owing to the plaintiffs. They alleged that during the period in which the payments sought to be recovered fell due, the plaintiff Barnes wholly failed and refused and neglected to assist in good faith the business efforts of the defendants, although his aid was demanded and solicited

in accordance with the duties assumed by him under paragraph 8 of the contract.

By way of reply, the plaintiffs pleaded a general denial, failure of the defendants to request any assistance from the plaintiff Barnes, and estoppel to assert failure of performance on his part.

The cause was tried to a jury and the trial court rendered judgment, in accordance with the jury's verdict, in favor of the plaintiffs and against the defendants, in the amount of $20,000.00, but expressly reserved for further hearing and judgment "the issue of whether or not the plaintiffs are entitled to interest by way of damages or otherwise upon the sum adjudged in their favor from the due dates thereof to the date of verdict and judgment." As disclosed by a separate journal entry, the trial court, at a later date, found and adjudged that reserved issue against the plaintiffs and in favor of the defendants.

The plaintiffs have appealed to this court upon the trial court's refusal to render judgment for interest on the unpaid installments from the due dates to the date of judgment. They argue that, because of defendants' breach of their agreement to pay the sums at the times specified in the contract, plaintiffs are entitled to collect, as damages, "an amount equivalent to" the legal rate of interest. They rely principally upon 23 O.S.1961, § 22, which is as follows:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

The defendants argue that interest is not recoverable where, as here, the contract to pay the money includes the phrase "all sums to be without interest".

For the reasons set out below, we agree with plaintiffs.

Title 23 O.S.1961, § 22, is a portion of the general statutory law of this state on the subject of damages. Chapter 2 of this title is captioned "Measure of Damages", and § 22 is in a part of the chapter sub-titled "Breach of Contract". Under this sub-title, § 21, states the general rule as to damages for breach of contract as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the *detriment* proximately caused thereby * * *". (Emphasis supplied).

Following this provision are numerous sections which in effect prescribe the measure of damages in different "breach of contract" situations. Almost without exception, this is done by defining the "detriment" in the particular situation involved. As heretofore noted, § 22 provides that the "detriment" in the case of the breach of an obligation to pay money includes interest.

This summary of statutory law which has remained unchanged since 1910 points up the fact that plaintiffs are contending, not for the recovery of interest *as such pursuant to contract,* but for the recovery of interest *as damages pursuant to law.*

Defendants argue, however, that by including the phrase "all sums to be without interest" in paragraph 8, the parties intentionally and effectively contracted against the recovery of interest as damages for breach of the contract. Their argument is as follows: (1) the obligations imposed upon plaintiffs by paragraph 8 (to furnish counsel and advice, not to engage in a competitive business, etc.) are purely executory; (2) for this reason, if paragraph 8 had not mentioned interest at all, it would not have been construed as providing for interest before maturity; (3) therefore, unless the phrase "all sums to be without interest" is construed to refer to interest *after* maturity, it is redundant and has no purpose.

Plaintiffs, on the other hand, insist that for this court to sustain defendants' arguments, it would have to construe the phrase "all sums to be without interest" to read "all sums to be without interest, and if not paid when due, no damages or interest will

be allowed for the default of the defendants".

It is thus apparent that the problem presented is to determine the true intention of the parties as reflected by the terms of the particular contract before us.

■ The cardinal rule in the interpretation of contracts is to ascertain the intent of the parties thereto as expressed therein, and give effect thereto. Popplewell v. Jones, 202 Okl. 185, 211 P.2d 283. A contract should be construed as a whole and, if reasonably possible, all parts of the agreement should be given effect. Oklahoma Southern Life Ins. Co. v. Mantz, 191 Okl. 515, 131 P.2d 70; 15 O.S.1961 § 157. However broad may be the terms of a contract, it extends only to those things concerning which the parties intended to contract. 15 O.S.1961, § 164; 17A C.J.S. Contracts § 295. Words used in one sense in one part of a contract are deemed to have been used in the same sense in another part of the same instrument, where the context does not indicate otherwise. 17A C.J.S. Contracts § 303; Cities Service Oil Co. v. Geolograph Co., 208 Okl. 179, 254 P.2d 775.

■ With those rules in mind, we have carefully examined the entire contract before us. Nowhere do we find any language indicating that the parties intended to contract with reference to a limitation of liability for damages in case of a breach. There is no language in paragraph 2 of the contract concerning payment of the purchase price (portions of which were deferred for one, two and three years, with the provision "deferred payments to bear interest at the rate of four per cent (4%) per annum * * *"). There does not appear in the contract any language indicating that the word "interest" as used in paragraph 8 was to be understood in any other than its ordinary sense—the sense in which it was obviously used in paragraph 2. Of course "interest", as ordinarily used, does not include within its purview "damages" or "damages in case of breach". Although it may be true, as argued by defend-

ants, that the phrase "all sums to be without interest" in paragraph 8 is redundant, we think it was used there in contradistinction to the provision of paragraph 2 expressly allowing interest with regard to the deferred purchase price payments. We therefore hold that plaintiffs were entitled to recover, as a portion of the detriment they suffered when the payments required by paragraph 8 were not timely made, an amount equivalent to interest from the due dates to the date of judgment. To the extent that it denied such recovery, the judgment of the trial court was erroneous.

By cross appeal, defendants urge that the judgment for plaintiffs must be reversed because of fundamental error of the court in giving its instruction number 7.

■ We note at the outset that defendants did not object to this instruction in the manner required by statute and for that reason, as defendants tacitly concede in their briefs, we are required only to examine the instruction to determine if it is free of fundamental error. National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316.

■ Defendants' objection to this instruction is that it in effect told the jury that plaintiffs were entitled to a full recovery or nothing at all. They argue that the court should have instructed the jury on the law concerning a partial failure of consideration. We agree that it may properly be characterized as an "all or nothing" instruction. However, we do not agree that, under the facts and pleadings in this case, the court erred in giving it.

As we have noted, the consideration promised by plaintiffs in paragraph 8 consisted of an agreement (1) by both plaintiffs not to engage in, or lend their names to, a competitive business in Oklahoma for five years, and (2) by plaintiff Barnes, the former manager of the Johnson Dairy, to "counsel and advise in good faith with the purchasers in order that they may have his services and advice in connection with the betterment and operation of their business" for five years.

It is conceded in the briefs that at the trial there was no evidence submitted of a failure of consideration, either partial or total, as to (1) above. Defendants insist, however, that they did produce evidence as to *one* instance in which Barnes failed to deliver the consideration required in (2) above, and that because of this evidence, the court should have instructed on the law covering a partial failure of consideration.

There is no material conflict in the evidence to which defendants refer. In October, 1960, in the late afternoon or evening, Mr. S. E. Townley called Barnes at his home in Norman and claimed that Barnes owed him about $6,000.00 in connection with a check for the August, 1958, account of one of the commercial customers of the old Johnson Dairy, which Townley claimed had been deposited by the customer in a Midwest City bank to the credit of the Johnson Dairy. Barnes denied the claim and when Townley insisted that Barnes come to Oklahoma City to discuss the matter, Barnes told him he had a guest and that if he wanted to discuss the matter, Townley would have to come to Norman to do so. The conversation ended without Townley suggesting a conference either that day in Norman or at any particular future time in Oklahoma City. According to the uncontradicted evidence, prior to this instance Barnes had fully complied with the requirements of paragraph 8, and after that, none of the purchasers ever asked him to do anything.

It is obvious that the "service" required of Barnes by Townley in this conversation was merely a demand that Barnes come to Oklahoma City to discuss a controversy between them, and was not the kind of "services and advice in connection with the betterment and operation of their business" which Barnes was required to render under paragraph 8. It was therefore no evidence of a partial failure of consideration under that paragraph. It represented, instead, a separate and distinct controversy between the Townleys and Barnes arising, according to defendant Leon Townley, under an oral side-agreement made at the time the written contract was executed, to the effect that payments from the commercial customer would continue to be made into a Midwest City bank to the credit of an existing Johnson Dairy account, after which Barnes would turn the payments over to the Townleys.

We note that defendants originally filed, with their answer, a counterclaim based upon this same controversy, and that the counterclaim was stricken in advance of trial. We note also that neither plaintiffs nor defendants introduced any evidence from which the jury could have computed the amount of damages arising from any partial failure of consideration.

Under these circumstances, we hold that the trial court committed no fundamental error, or error of any kind, in giving its instruction number 7. The defendants' cross appeal is therefore denied.

The judgment is vacated and the cause is remanded to the trial court with directions to enter judgment for plaintiffs in accordance with the views herein expressed.

JACKSON, C. J., IRWIN, V. C. J., WILLIAMS, BLACKBIRD, BERRY and McINERNEY, JJ., concur.

DAVISON and LAVENDER, JJ., concur in part and dissent in part.

LAVENDER, Justice (dissenting in part)

I respectfully dissent to that portion of the majority opinion which reverses the judgment of the trial court wherein the latter refused to allow interest on the payments called for by the contract other than interest from the date of judgment.

In my view the consideration, on the part of the plaintiffs, for the payments to be made under the contract paragraph involved in the present case was purely executory and I think that the phrase "all sums to be without interest," as used in that paragraph was intended by the parties either (a) as a provision against interest after maturity

of the installments, or (b) as a provision against any interest, either before, or after maturity of the installments. Either way, the provisions of 23 O.S.1961, § 22 as construed and applied in Fidelity-Phenix Fire Insurance Company of New York v. Board of Education of Town of Rosedale et al. (1948), 201 Okl. 250, 204 P.2d 982, (the principle case relied on by the plaintiffs in error) would not be applicable, and the trial court's judgment denying interest from maturity of the obligations to the date of judgment on the obligations would not be erroneous. I would affirm that judgment.

I concur in all other portions of the majority opinion.