Sheila D. **NEALIS** and Michael D. Nealis, individually and as parents and next friends of Baby Nealis, a minor child, Appellants,

v.

Jim **KNECHT**, D.O., Appellee,

Perry Memorial Hospital Foundation, an Oklahoma corporation, Blake A. Baird, M.D., Michael D. Hartwig, M.D., John Does One Through Ten, Inclusive, and Jane Does One Through Ten, Inclusive, Defendants.

No. 84696.

Court of Appeals of Oklahoma, Division No. 1.

May 9, 1995.

Rehearing Denied July 13, 1995.

---

Marlin R. Davis, Tulsa, for appellants.

Larry D. Ottaway, Oklahoma City, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

On November 25, 1991, Sheila Nealis was admitted to Perry Memorial Hospital, and while there she delivered a premature baby boy, who died the next day.

Not quite two years later, on November 5, 1993, Sheila and her husband Michael [Appellants] filed the instant lawsuit, for themselves and as parents and next friends of the premature infant, against three physicians, including Appellee Dr. Jim Knecht, D.O. Appellants alleged that defendants had negligently undertaken to render medical care to Mrs. Nealis and to Baby Nealis [whom they later identified as "Matthew Nealis"]. Appellants alleged, *inter alia:* "As the direct and proximate result of Defendants' joint and several negligence, Mr. and Mrs. Nealis' infant child was caused to die." Appellants then set forth two "claims for relief," the first of which asserted, "As the direct and proximate result of the Defendants' negligence, joint and several, and acting in combination, one with the other, Baby Nealis was caused to die, all to Plaintiffs' general and special damage in a sum in excess of $10,000." Appellants later dismissed their claims against the hospital.

On August 5, 1994, Appellants sought leave to amend their petition, and Appellee moved for partial summary judgment in his favor. Appellants' amended petition, filed August 13, 1994, incorporated the allegations in their original petition, and further alleged that Appellee had negligently failed to transfer Mrs. Nealis to another hospital, which negligence, combined with the alleged negligent acts and omissions by other parties, "caused Matthew Nealis to die ..." and "caused Matthew Nealis to lose any chance he had of living." This time, Appellants alleged their claims as a "First Cause of Action"—that "[a]s the direct and proximate result of Defendants' negligence, joint and several, and acting in combination, one with the other, Matthew Nealis was caused to die ...," and a "Second Cause of Action"—that negligent acts by Appellee and the other defendants had caused Mrs. Nealis to suffer physical and emotional injuries.

Appellee's motion for summary adjudication characterized Appellants' lawsuit (at that point, as described by Appellants' original petition) as an action for wrongful death against his co-defendant physicians, combined with an action against him for negligent medical care rendered to Mrs. Nealis after delivery of the child. That characterization notwithstanding, Appellee argued that he could not have done anything to prevent the premature birth of Baby Nealis,[1] and concluded his supporting brief with a request

---

1. Appellee argued that he first saw Mrs. Nealis in the emergency room after she had begun premature labor, that his care and treatment of her had been consistent with accepted medical standards, and that Baby Nealis was only 21 weeks old, and so not viable outside the womb.

for judgment in his favor "on any claim of alleged 'wrongful death' of Ms. Nealis' child."

Appellee also moved to dismiss the amended petition (filed, apparently with leave of court, on August 13, 1994), arguing that the amended petition contained a new claim for wrongful death of Matthew Nealis, which stood time-barred because "[w]rongful death claims must be asserted within two years of. 12 O.S. § 95." [sic] Appellants responded that the amended petition merely clarified what they had alleged in their original petition, and added allegations derived from what they had discovered since they first filed their lawsuit. Appellee replied that Appellants had never before suggested they were asserting a claim against him for the death of Baby Nealis.

The trial court granted both of Appellee's motions. Within ten days, Appellants filed a motion to reconsider and alternative motion to certify the dispositive rulings for interlocutory appeal. Before the trial court heard that motion, and before the trial court signed a journal entry to memorialize its previous rulings, Appellants dismissed all of their claims without prejudice against the codefendant physicians, and, by separate instrument, also dismissed without prejudice their claim against Appellee for negligent care and treatment of Mrs. Nealis.[2]

Without taking account of the intervening dismissals, the trial court denied Appellants' motion to reconsider, and we are presented their accelerated docket appeal.

■ Appellants possessed the common law and statutory right to dismiss their claim for negligent treatment of Mrs. Nealis. 12 O.S. 1991 § 684; see Turley v. Turley, 638 P.2d 469, 471 (Okla.1981); Goins v. Fox, 332 P.2d 220, 221 (Okla.1958); Shinn v. Morris, 205 Okla. 289, 237 P.2d 455, 456 (1951). With that pleading, Appellants terminated their claim for injuries to Mrs. Nealis. In re Initiative Petition No. 112, 154 Okla. 257, 7 P.2d 868, 869 (1932) (dismissal signifies the end of a lawsuit). Upon filing of the dismiss-

al, the trial court lost its jurisdiction over the dismissed claim. Goins, 332 P.2d at 221; see Wood v. Hines, 117 Okla. 86, 245 P. 846, 847 (1926).

By dismissing Mrs. Nealis' personal injury claim, Appellants to that extent abandoned their motion to reconsider the court's interlocutory summary adjudication in favor of Appellee on that claim. See Martin v. District Court of Comanche County, 460 P.2d 898, 899 (Okla.1969) (pending motion to amend summons deemed abandoned when plaintiff permitted entry of final order before trial court ruled on motion); cf., Alexander v. Pharaoh & Co., 195 Okla. 74, 155 P.2d 244, 247 (1945) (voluntary dismissal rendered plaintiff's previous objections to defendant's pleadings moot).

In Thompson v. Pollock, 350 P.2d 274 (Okla.1960), the plaintiff sued two constables for assault and battery and unlawful arrest. At trial, one of the defendants successfully demurred to plaintiff's evidence on both claims, and the other [Howard] prevailed on a demurrer to the claim for unlawful arrest. Howard began to present his evidence in defense, but before he rested the plaintiff dismissed the action against him without prejudice. Id., 350 P.2d at 275. The published opinion continues:

> The plaintiff's motion for new trial was overruled, and he has appealed to this Court on petition in error ... asking this Court to review certain rulings by the trial court affecting his cause of action against the defendant Howard made prior to his voluntary dismissal of his action against him. This we cannot do. Plaintiff's voluntary dismissal of his action against defendant Howard terminated the jurisdiction of the trial court over the subject matter of the action. Plaintiff's voluntary dismissal removed him as an active seeker of relief against Howard, and so changed the situation as to render moot the objections which he had urged against the trial court's rulings while he was an active plaintiff.

Thompson, 350 P.2d at 275 [citations omitted].

---

2. The dismissal as to Appellee was entitled "Partial Dismissal Without Prejudice As To Defendant Jim Knecht, D.O.," and expressed Appellants' intent to dismiss the second claim in their original petition, "being one and the same cause as is realleged under the Second Cause of Action of Plaintiffs' Amended Petition ...," and similarly equated the first claim for relief in the original petition with the first "cause of action" in their amended petition.

We hold that any issue related to the trial court's provisional ruling [3] on Appellee's motion for partial summary judgment is not properly before us. We therefore decline to consider the points raised in Appellants' petition in error challenging the propriety of that ruling.

■ What remains is the question whether the trial court erred by granting Appellee's motion to dismiss. As indicated earlier, this issue appears to have been addressed by the parties below in terms of whether the amended petition raised a new claim unrelated to the allegations of the original petition, and whether in some way the amended petition should relate back to the original within the meaning of 12 O.S.1991 § 2015(C).[4]

Several years before the adoption of our Pleading Code in 1984, Oklahoma had begun to follow a transactional approach to defining a "cause of action," by which a party is allowed to plead each and every legally cognizable theory of recovery arising from one transaction or occurrence. *See Retherford v. Halliburton Co.*, 572 P.2d 966, 968–69 (Okla. 1978). And, since enactment of the Pleading Code, this approach has been given legislative sanction. *"Only a single cause of action can be predicated on the same set of facts,* but different remedies and theories of liability may be pressed in support of each claim alleged." *Fleet v. Sanguine, Ltd.*, 854 P.2d 892, 901 (Okla.1993) emphasis original; footnotes omitted. "When a claim for damages arises from one occurrence or transaction, it affords the plaintiff but a single cause of action." *Id.*, n. 48.[5]

In our view, this case does not present an issue of "relation back." Appellee's motion to dismiss relied on his assertion that Appellants had pleaded an entirely new and different claim in their amended petition—for the wrongful death of their child. Even a cursory comparison of the original and amended petitions, pertinent excerpts of which appear earlier in this opinion, reveals that in both pleadings Appellants alleged a causal connection of negligence by Appellee and his codefendant physicians with the death of Matthew Nealis. In both pleadings, Appellants sue for themselves "individually and as parents and next friends" of Matthew Nealis.

In sum, we do not understand how the trial court could have accepted Appellee's characterization of virtually the same allegations in Appellants' amended petition as something new and different from what they had alleged in their original petition. Appellants are entitled to an opportunity to pursue their claim for wrongful death of Matthew Nealis.

The trial court erred by granting Appellee's motion to dismiss. Accordingly, the order denying Appellants' motion to reconsider that ruling is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

HANSEN, P.J., and JOPLIN, J., concur.

---

3. Though styled a motion for "partial summary judgment," the Appellee's quest for summary adjudication did not result in a final order at the time the trial court pronounced its ruling on the motion. Any form of decision which resolves fewer than all claims against all parties does not terminate the action as to any of the claims or parties and is subject to revision at any time before filing of a final judgment disposing of all claims and determining the rights and liabilities of all parties. 12 O.S.Supp.1993 § 994(A). We note also that Appellee did not, either at the hearing of his motion for partial summary judgment or at any time thereafter, seek the express findings from the trial court necessary to transform its ruling into a final judgment. *Id.*

4. In relevant part, § 2015(C) provides:

"RELATION BACK OF AMENDMENTS. An amendment of a pleading relates back to the date of the original pleading when:
"1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or
"2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading;
"* * * *"

5. Citing *Hadnot v. Shaw*, 826 P.2d 978, 987 (Okla.1992); *Eason Oil Co. v. Howard Engineering, Inc.*, 755 P.2d 669, 672 n. 13 (Okla.1988); *Chandler v. Denton*, 741 P.2d 855, 863 n. 20 (Okla.1987); *Reams v. Tulsa Cable Television, Inc.*, 604 P.2d 373, 374–76 (Okla.1979); *Retherford*, 572 P.2d at 968–69.